Salvatore BELLA, Plaintiff,

v.

MARINE TRANSPORT LINES, Inc.,
Defendant.

United States District Court
S. D. New York.
Jan. 5, 1956.

Eisenberg & Dembo, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

SUGARMAN, District Judge.

Defendant Marine Transport Lines, Inc., in an action commenced against it by Salvatore Bella, a seaman, moves to amend its answer by adding two additional defenses, namely, (1) a release without reservation of plaintiff's rights against defendant given by plaintiff to American Export Lines, Inc., allegedly a joint tort feasor with defendant, and (2) complete satisfaction of plaintiff's claim against defendant by the alleged joint tort feasor, American Export Lines, Inc.

The plaintiff had sustained an injury to his shoulder in August, 1951 while in the employ of American Export Lines, Inc. Thereafter in December, 1952, while in movant's employment, he injured the same shoulder. In August, 1954 plaintiff settled his claim against American Export Lines, Inc. and executed an unconditional general release on payment to him of $5,500 for damages arising from the August, 1951 accident.

Plaintiff commenced the instant action against defendant in September, 1954 to recover damages for his injury in December, 1952.

Defendant contends that the plaintiff and American Export Lines, Inc., considered the aggravation of the injury to plaintiff's shoulder caused by the incident aboard defendant's vessel in December, 1952, in settling the claim against American Export Lines, Inc., and payment was made to plaintiff, and his general release was executed, with full knowledge of plaintiff's rights against movant, but plaintiff failed to reserve those rights.

Plaintiff opposes the granting of this motion on two grounds, (1) delay in seeking the relief and (2) the lack of causal relationship between the two accidents.

If there was undue delay on defendant's part in bringing on this motion, plaintiff has not shown that he has been or will be prejudiced thereby.

The dispute between the parties as to the relationship between the injury of August, 1951 and that of December, 1952 and the knowledge and intention of plaintiff and American Export Lines, Inc. when, in August, 1954, they settled the claim arising out of the plaintiff's first injury in August, 1951 cannot be decided on this motion. They are questions of fact to be determined by the proof adduced at the trial. The defendant, in good faith, seeks to amend its

answer to plead defenses that will allow that proof to be received.

The mandate of the rule is clear: "[L]eave shall be freely given when justice so requires".[1] Justice requires that defendant be enabled to plead the additional defenses it moves to add to its answer.

The motion is granted and it is so ordered.

1. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A.