George **H. ELLIOTT**, Plaintiff,

v.

**JONES & LAUGHLIN STEEL CORPO-
RATION**, a corporation, Defendant.

Civ. A. 12854.

United States District Court
W. D. Pennsylvania.

Oct. 23, 1957.

James P. McArdle, Pittsburgh, Pa.,
for plaintiff.

Harland I. Casteel, Pittsburgh, Pa.,
for defendant.

WILLSON, District Judge.

■ This is a Jones Act case. It came on for trial before a jury. At the conclusion of the presentation of the evidence, defendant moved the court for a directed verdict in its favor pursuant to Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C. The motion was orally granted from the bench. Based upon all of the evidence, the court was of the opinion that no negligence on the part of the defendant was shown which played any part, even the slightest, in producing plaintiff's injury. It is believed that reasonable men could not differ on this point. There was simply no jury question presented. The applicable principles are found in Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493. This is a Jones Act case, but, of course, the principles are the same as in Federal Employers' Liability Act cases. The basis of any liability is negligence, not the fact that injuries occur. Gill v. Pennsylvania R. Co., 3 Cir., 201 F.2d 718.

■■ Further, under all of the evidence, this court believes that there can be no liability by the defendant owner to the plaintiff, who was the master of the vessel. Plaintiff boarded defendant's motor vessel "Vesta" as master on February 3, 1954 at 7:00 a. m. The vessel was operating on the navigable rivers in the Pittsburgh area. Plaintiff, then 52 years of age and weighing 256 pounds, claims an injury because he slipped on a runner rug as he entered the master's cabin in mid-morning of February 6, 1954. He says the rug was caused to slip because

the linoleum floor of the cabin had been waxed by the chambermaid, contrary to his instructions.

The evidence conclusively shows that the defendant owner at no time issued any instructions with regard to waxing or not waxing the linoleum floors of this vessel. The various masters employed by the defendant on its several motor vessels had the exclusive authority to direct that the floors be waxed or that they not be waxed. Plaintiff claimed that he had directed, both by verbal order and by posting a notice on the bulletin board, that the floors of this vessel were not to be waxed while he was in command. He, nevertheless, claims that the linoleum on the deck of his cabin had been waxed. The only evidence of waxing, however, was the statement by plaintiff that as he arose after his fall, he noticed wax on his hand. There was no evidence whatsoever as to the method of waxing or as to the quantity of wax applied. The evidence does not support the conclusion that because plaintiff fell, the linoleum was excessively waxed. This court is of the opinion that the waxing of the linoleum did not per se amount to negligence, nor did it make the vessel unseaworthy. The evidence showed that the waxing of the linoleum done at various times on various vessels of the defendant was always performed in a routine manner for the purpose of assisting in keeping the vessels clean and waxing made it easier for the chambermaids to keep the floors clean. Thus, boiled down, the case is simply one wherein the master is complaining because the chambermaid on the vessel, no doubt the person of least authority, failed to carry out the orders of the plaintiff, who was in command, as to the chambermaid's routine in keeping the vessel clean. This was a matter which the defendant left solely to its vessel captains. What was said by the court in Patton-Tully Transp. Co. v. Turner, 6 Cir., 269 F. 334, at page 342, applies. Also Walker v. Lykes Bros. S. S. Co., 2 Cir., 193 F.2d 772.

If there was fault on the part of anyone, the fault was plaintiff's for not insisting that the chambermaid comply with his directions. It is not a case of contributory negligence, nor is the conclusion reached here, based upon any assumption of risk on the part of the plaintiff. As between the plaintiff and the owner defendant, the act of the chambermaid is the act of the plaintiff, not that of the owner defendant. Plaintiff, as master, had absolute authority on the issue presented, but in this case not even the chambermaid was shown to have been negligent under the facts presented.

### Order

And Now, this 23rd day of October, 1957, pursuant to the ruling of the court made at the close of the presentation of all of the evidence granting defendant's motion for a directed verdict, the Clerk is directed to enter judgment in favor of the defendant Jones & Laughlin Steel Corporation, a corporation, and against plaintiff George H. Elliott, with costs.