**William F. QUINLAN, Administrator of the Estate of Mary Jane Matthews**

**v.**

**Henry Overton MATTHEWS.**

**Civ. A. No. 24064.**

United States District Court
E. D. Pennsylvania.

Nov. 12, 1958.

---

Norman Shigon, Philadelphia, Pa., for plaintiff.

Ambler & Detweiler, Chas. F. G. Smith, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Defendant opposes plaintiff's motion for leave to file an amended complaint. The desired amendment proposes to add that the cause of action is brought, in the alternative, under the Wrongful Death and Survival Acts of Virginia, Code 1950, §§ 8–628.1, 8–633 et seq., the place of the tort. The objection is based on the ground *inter alia*, that Virginia law, alleged by defendant to be applicable here, prohibits suits between the estate of a deceased wife and her husband. The original complaint sets forth a cause of action under the Pennsylvania Wrongful Death and Survival Acts, 12 P.S. § 1601 et seq., 20 P.S. § 320.601 et seq. Plaintiff seeks to protect his position by amendment of his complaint, in the event it is determined that the law of Virginia controls, and, if so, to assert then that such suits are permissible.

We think it better practice to refrain from imputing an air of judicial finality to the merits of a situation which' has not yet materialized and so decline to pass upon the merits now. Judge Clancy has stated the proposition aptly in Chutter v. KLM Royal Dutch Airlines, 20 Fed.Rules Serv. 15 a.21, Case 4 (S.D. N.Y.1954):

> "Probably the best course is for the motion judge not to vouchsafe an opinion on the merits of the proposed defenses which are on their face not frivolous, * * *, *when they are only proposed*. That means that the only question before this court is whether or not permitting the amendment would work prejudice to the plaintiff. We can see none. Prejudice is not to be found in the fact that a defense is or is not sufficient."[1] (Emphasis supplied).

F.R.Civ.P. 15(a), 28 U.S.C. provides that " * * * leave [to amend] shall be freely given when justice so requires." Believing that the proposed amendment is sought in good faith and that no prejudice will be visited upon defendant in allowing the amendment we enter the following

1. See generally, Cravatts v. Klozo Fastener Corp., D.C.S.D.N.Y.1954, 16 F.R.D. 454; McNaughton v. New York Central R. Co., 7 Cir., 1955, 220 F.2d 835; Bella v. Marine Transport Lines, Inc., D.C. S.D.N.Y.1954, 18 F.R.D. 410; Snyder v. Dravo Corp., D.C.W.D.Pa.1947, 6 F.R.D. 546, 551.

### Order

Now, November 12, 1958, plaintiff's motion for leave to file an amended complaint is granted.