Thomas F. **GUNNIP**

v.

**WARNER COMPANY.**

No. 39284.

United States District Court
E. D. Pennsylvania.

Jan. 5, 1968.

Freedman, Borowsky & Lorry, Edwin E. Naythons, Philadelphia, Pa., for petitioner.

Joseph R. Thompson, Paul Auerbach, Philadelphia, Pa., for respondent.

## OPINION

MASTERSON, District Judge.

This is a motion to amend a complaint under Rule 15 of the Federal Rules of Civil Procedure. Plaintiff originally filed his complaint alleging simple negligence under the Jones Act, 46 U.S.C.A. § 688 et seq. He now moves to amend his complaint to include a demand for punitive damages. Because the alleged accident took place in August, 1964, the statute of limitations under the Jones Act has run and the plaintiff asks that the relation back provision of Rule 15(c) be invoked.

The principal action arises out of injuries that plaintiff allegedly sustained while working on defendant's barge. Plaintiff originally maintained only that defendant was negligent in providing him with a defective line which broke and caused him injury. Plaintiff now prays for punitive damages alleging that defendant refused to correct the negligent condition although asked several times by the plaintiff to do so.

As jurisdiction is invoked under the Jones Act, the argument by both counsel that the right to amend the pleadings is controlled by Pennsylvania law appears somewhat questionable. Even if this action was one arising under state law "(t)he better view, adopted by many courts, is that uniformity and simplicity dictate that application of Rule 15 be viewed solely as a matter of federal law." 3 Moore's Federal Practice, § 15.02(3). See also, Taylor v. Reading Co., 23 F.R.D. 186 (E.D.Pa. 1958). In the case at bar plaintiff's right to bring the present action derives from federal statute. There is no diversity jurisdiction and, therefore, there is no application of the Erie doctrine. Cf. Levinson v. Deupree, 345 U.S. 648, 651, 73 S.Ct. 914, 97 L.Ed. 1319 (1952). Furthermore, the law here in question is the statute of limitations of the Jones Act which is a federal statute. Thus any concern for extending the period in which to bring a claim must be exclusively federal, and state precedent in this area is, at best, advisory.

Rule 15(a) instructs this Court to grant leave to amend "freely" when "justice so requires". By operation of Rule 15(c) if the amendment "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." But while leave to amend after the filing of a responsive pleading is within the discretion of the court, such discretion is subject to standards established by the courts in construing Rule 15.

The standard most often applied in determining whether or not to allow an amended complaint is whether or not the amendment will work an injustice upon any of the parties. Hirnshorn v. Mine Safety Appliances, 101 F.Supp. 549 (W.D.Pa.1951), affirmed by 193 F. 2d 389 (3rd Circuit, 1952). See also

Green v. Walsh, 21 F.R.D. 15 (E.D.Wis. 1957). The defendant in the case at bar was apprised of the factual circumstances involved in the claim for punitive damages through the allegations made in the original complaint. In the deposition of the acting superintendent of defendant's plant taken and filed with this court over one year ago, the superintendent in response to counsel's question "Were you aware that the rope was rotten?" stated: "Very definitely. Mr. Gunnip had requested new rope on three or four occasions prior to this accident." (Deposition of Robert C. Greenlagh, p. 7). Hence allowing the amendment at this time will not cause unfair surprise to the defendant.

The other question relevant to allowing the proposed amendment is whether the proposed amendment states a claim of sufficient substance so that granting it would not be a completely useless act. Although some courts have held that on a motion for leave to amend it is not the function of the court to pass upon the sufficiency of the proposed pleading (See, e.g. Bella v. Marine Transportation Lines, Inc., 18 F.R.D. 410) the court of this district has formulated a "frivolity" test allowing a proposed amendment only so long as it is not frivolous on its face. Riss and Co., Inc. v. Local 107, Int. Brotherhood of Teamsters, 27 F.R.D. 7 (E.D.Pa.1961); Harvey v. Eimco Corp., 32 F.R.D. 598, 600 (E.D.Pa.1963).

In the case at bar there is a substantial question as to whether or not a claim for punitive damages can be made under the Jones Act. The Supreme Court has held that "damages may be recovered under the Jones Act only for negligence." De Zon v. American President Lines, 318 U.S. 660, 671, 63 S.Ct. 814, 820, 87 L.Ed. 1065 (1942). Substantially identical statements were made by the circuit courts of the second and seventh

circuits and by a district court in the Western District of Pennsylvania. Lake v. Standard Fruit and Steamship Co., 185 F.2d 354, 356 (2nd Circuit, 1950): Mullen v. Fitz Simons and Connell Dredge and Dock Co., 191 F.2d 82 (7th Circuit, 1951); Elliot v. Jones and Laughlin Steel Corporation, 166 F.Supp. 731 (W.D.Pa.1957). But these statements were made in response to an argument that recovery could be had under the Jones Act for liability without fault. The proposed amendment in the case at bar makes a claim for damages for fault greater than negligence. Thus it is arguable that an action for punitive damages is not inconsistent with the intention Congress expressed in the Jones Act.

In support of this argument plaintiff cites a case recently decided in the Northern District of Ohio. In the Matter of: The Petition of United States Steel Corp., as Owner of the Steamship Cedarville, 276 F.Supp. 163 (N.D.Ohio 1967) there the court held that there is a right to recover punitive damages under the Jones Act. While this court need not decide this question now, the *Cedarville holding* combined with the fact that the *De Zon, Lake, Mullen* and *Elliot* cases can be interpreted to mean only that actions for liability without fault will not lie under the Jones Act, indicates that the claim for punitive damages should be allowed as an amendment under the standard established by *Riss* and *Harvey,* supra.

It is particularly appropriate for this Court to adopt this standard for use in the case at bar for counsel neither briefed nor argued the permissibility of bringing an action for punitive damages under the Jones Act. If defendant's counsel seeks to have a thoroughly dispositive answer to this far reaching question, he is better served by fully arguing this point on a motion to dismiss under 12(b) (6) of the Federal Rules of Civil Procedure or at trial.

██ Accordingly, plaintiff's motion to amend is granted.