John **HODNIK, Jr.** by John Hodnik, Sr., his guardian, and John Hodnik, Sr., in his own right, Plaintiffs,

v.

**BALTIMORE & OHIO RAILROAD,** a corporation, Defendants.

Civ. A. No. 70–655.

United States District Court, W. D. Pennsylvania.

Feb. 2, 1972.

Thomas S. White, Schumacher & White, Pittsburgh, Pa., for plaintiffs.

John J. Repcheck, Mercer, Buckley, Sharlock & Repcheck, Pittsburgh, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge.

This is an action for personal injuries in which jurisdiction is based on the alleged diversity of citizenship between the parties. The complaint, which was filed on June 10, 1970, alleged that the minor plaintiff was injured when he dived into the Conoquenessing Creek from a railroad trestle owned by the defendant. The complaint further alleged that the minor plaintiff was injured when his head struck the bottom of the creek, that the injuries were caused by negligence of the defendant, and that the defendant was liable to the plaintiffs for compensatory damages. Subsequently, on September 3, 1971, the plaintiffs moved to amend the complaint pursuant to F.R.Civ.P. 15, to request punitive as well as compensatory damages.

F.R.Civ.P. 15(a), which requires leave of court to amend the complaint at this stage of the proceedings, provides that " . . . leave shall be freely given when justice so requires." It is fundamental that this rule is to be liberally interpreted, Foman v. Davis, 371 U. S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and that the granting of leave is basically discretionary with the court, Wilson v. Lamberton, 102 F.2d 506 (3rd Cir. 1939). The particular questions presented by the plaintiffs' motion are: (1) the extent to which the legal sufficiency of the proposed amendment should influence the exercise of that discretion, and (2) if legal sufficiency is a

factor, the legal sufficiency of the proposed amendment.

■ Professor Moore states that the authorities are in conflict as to whether or not legal insufficiency is a ground for denying leave to amend. 3 Moore's Federal Practice ¶15.08 [4]. Continuing, he states that while some courts have adopted a test which allows an amendment if it is not frivolous on its face, it would be,

> " . . . an idle move for the court to allow such amendment over the objection of the opposing party who, if correct, has merely to make a formal motion to dismiss or to strike after leave to amend is granted."

This statement comports with the suggestion in Foman v. Davis, *supra*, that the futility of an amendment would be an adequate reason for its refusal. See also Chapman v. Sheridan-Wyoming Coal Company, 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 (1950). Furthermore, in Stephens v. Reed, 121 F.2d 696 (3rd Cir. 1941), it was stated that,

> "[T]here can be no abuse [of discretion] when what is refused would avail the offeror nothing if allowed."

And after a thorough review of the Pennsylvania district court constructions of the rule, it was concluded in Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 309 F.Supp. 1057 (D.C.E.D.Pa., 1969) that,

> "[W]hile the line between mere legal insufficiency and 'frivolity' is a rather hazy one at best, even [Gunnip v. Warner Company, 43 F.R.D. 365 (D. C.E.D.Pa.1968)], relied on by plaintiffs as establishing a 'frivolity' test, clearly indicates that an amendment should not be allowed even under that test unless at a minimum it states a claim of sufficient substance that granting it would not be a useless act."

To avoid a useless act, then, a proposed amendment must be measured in terms of its ability to withstand a motion to dismiss, and therefore, the legal sufficiency of the presently proposed amendment must be examined in that light.

By the instant motion the plaintiffs seek to amend the complaint to include a request for punitive damages. In examining the legal sufficiency of the request, of course, the facts alleged must be treated as true and the inferences therefrom must be construed in the light most favorable to the plaintiffs. They contend that Buhl Bridge, from which the minor plaintiff jumped, was a railroad-owned trestle which the defendant actually knew was frequently used as a diving or jumping board for over thirty years. A jump or dive from the bridge into the creek would cover a distance of about thirty feet and, at the spot where jumpers or divers would ordinarily land, the creek was nine or ten feet deep. The plaintiffs contend, however, that because there was shifting sand at the spot where divers or jumpers would land, diving or jumping was extremely dangerous. They conclude that the defendant's failure to prevent the use of the bridge as a diving or jumping board in light of its knowledge of the danger involved was "willful and wanton misconduct or recklessness", and that, therefore, punitive damages are appropriate.

■ Pennsylvania law with respect to punitive damages is fairly well settled. In Focht v. Rabada, 217 Pa.Super. 35, 268 A.2d 157 (1970), it was stated that:

> "Pennsylvania has adopted the rule of punitive damages as set forth in § 908 of the Restatement of Torts and the comments thereunder. Section 908(1) provides: " 'Punitive damages' are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct". Comment (b) to the above section states that "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless

indifference to the interests of others." See Chambers v. Montgomery, 411 Pa. 339, 344, 192 A.2d 355 (1963). Thus, the Pennsylvania rule allows the awarding of punitive damages when the act is done with reckless indifference as well as with bad motive."

The amendment which the plaintiffs propose alleges "willful and wanton misconduct or recklessness", and both plaintiffs and defendant argue the applicability of the terms "willful" and "wanton" as defined in Evans v. Philadelphia Transportation Company, 418 Pa. 567, 212 A.2d 440 (1965). But punitive damages were not involved in *Evans*. What was involved was determining whether or not certain conduct was willful or wanton misconduct for the purpose of fixing liability to a trespasser. In any event, wanton misconduct is not the exclusive equivalent of the kind of conduct which makes one liable for punitive damages. McSparran v. Pennsylvania Railroad Company, 258 F.Supp. 130 (D.C.E.D.Pa.1966). See also Chambers v. Montgomery, *supra*; Hughes v. Babcock, 349 Pa. 475, 37 A.2d 551 (1944); and Focht v. Rabada, *supra*. In *McSparran*, it was stated that:

> "Wanton misconduct, as defined in § 500 of the Restatement of Torts (2d) and in Evans v. Philadelphia Transp. Co., . . . is not the same as the 'outrageous conduct . . . done with a reckless indifference to the interests of others' [from § 908 of the Restatement of Torts (2d)] . . . required for punitive damages." (Footnotes and citations omitted.)

Taking the proposed averment "recklessness" to be, in essence, an averment of "outrageous conduct . . . done with a reckless indifference to the interests of others", the issue becomes whether or not the alleged facts are sufficiently supportive of the averment of "recklessness" to submit the issue to a jury. If not, if as a matter of law the alleged facts will not conceivably support the submission of the issue to a

jury, the amendment would not be able to withstand a motion to dismiss, it would therefore be legally insufficient and it would not be allowed. However, if the defendant knew for thirty years that the bridge was used for diving and jumping into the creek, and knew of the shifting bed of the creek and that it made diving and jumping dangerous (facts which may be proved at trial on the basis of the allegations of the complaint), it cannot be said that as a matter of law the alleged facts will not conceivably support a conclusion of recklessly indifferent conduct and, consequently, a claim for punitive damages. Therefore, the proposed amendment is, at this stage in the proceedings, potentially legally sufficient, and the plaintiff's motion to amend the complaint will be granted, of course without prejudice to the defendant to move for directed verdicts at trial as allowed by the Federal rules.

An appropriate Order will be entered.