Samuel Duane THOMAS

v.

**MEDESCO, INC., DIVISION OF HARVARD INDUSTRIES, INC., and American Cystoscope Makers, Inc.**

v.

**EPISCOPAL HOSPITAL.**

Samuel Duane THOMAS

v.

**RITTER–SYBRON CORPORATION.**

Civ. A. Nos. 72–1370, 73–996.

United States District Court,
E. D. Pennsylvania.

Oct. 24, 1974.

Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for Medesco, Inc.

Gerald A. Dennehey, Marshall, Dennehey & Warner, Philadelphia, Pa., for American Cystoscope Makers, Inc.

Allan H. Starr, White & Williams, Philadelphia, Pa., for Episcopal Hospital.

George D. Sheehan, Rawle & Henderson, Philadelphia, Pa., for Ritter-Sybron Corp.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

This is a motion by plaintiff to amend his Complaint to add a claim for punitive damages. Plaintiff claims that his discovery has revealed that evidence may be presented at trial indicating that defendant American Cystoscope Makers knew or should have known of the risk of injury to physicians using uninsulated photographic eyepieces on a Cystoscope, that physicians did not have this knowledge, and that nonetheless American Cystoscope Makers did not warn doctors or modify their product to avoid this risk until after commencement of this litigation. Plaintiff claims that this amounts to the type of conduct for which punitive damages can be awarded.

It should be noted that the plaintı. makes this motion at this late date not because the above facts are newly discovered, which they are not, but because of newly discovered implications from these facts. Counsel for plaintiff did not become aware of these implications until his conferences of September 12 and October 12 with his expert witnesses. As a result thereof, counsel reached the realization that he could amend his Complaint to add a claim for punitive damages.

 The substantive issue of what type of conduct gives rise to a claim for punitive damages is governed by State law, but the procedural question of whether or not an amended Complaint for such a claim can be filed at this time is governed by the Federal Rules of Civil Procedure. Cf. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The substantive law of punitive damages is given by the Restatement of Torts § 908(1) and comment b thereto.

Section 908(1) of the Restatement Torts reads:

"908. PUNITIVE DAMAGES.

"(1) 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct."

Comment b contains this language:

"Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others."

This has been adopted by the Pennsylvania Courts, Chambers v. Montgomery, 411 Pa. 339, 344–5, 192 A.2d 355 (1963), and by the Federal Courts applying Pennsylvania law, McSparran v. Penna. R. R. Co., 258 F.Supp. 130 (E. D.Pa.1966).

 The procedural question of amending the Complaint is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) states that leave to amend the Complaint "shall be freely given when justice so requires." Defendant argues that this new claim will require him to file new pleadings, engage in new discovery, join new parties, and generally reopen the entire pretrial proceedings. However, as stated, plaintiff is introducing no new facts; therefore defendant needs to introduce no new facts. Thus he can rest on his completed pretrial preparation.

 Defendant also argues that he would be prejudiced because he would no longer be able to assert the defense of contributory negligence. It is true that contributory negligence is not a defense to wanton misconduct under Pennsylvania law, but this type of wanton misconduct is not the same as the "outrageous conduct" required for punitive damages. McSparran, supra at 134. Therefore the defense of contributory negligence would not be barred by a claim for punitive damages.

 Defendant also contends that this claim is barred by the Statute of Limitations. However, an amendment under Rule 15 relates back to the time the original Complaint was filed if the amendment arose out of the same conduct, transaction or occurrence as set forth in the Complaint. Rule 15(c). It is clear that the amended Complaint does arise out of the same accident; it merely adds a claim for punitive damages.

 Finally, defendant objects to this motion on the generalized basis that it was filed "too late" and on the "eve of trial". However, mere delay is not a reason for denying the motion. There must be some compelling circumstances, such as undue delay, bad faith, or dilatory motive on the part of the movant; or prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). For all the above stated reasons, we find that there are no such compelling circumstances. Accordingly, we will follow the spirit of Rule 15 and grant plaintiff's motion.