Diana **BEHRENS, individually and as Guardian ad Litem of Nathan Alan Behrens, Plaintiffs and Appellants,**

v.

**RALEIGH HILLS HOSPITAL, INC., Defendant and Respondent.**

No. 18093.

Supreme Court of Utah.

Dec. 22, 1983.

James E. Hawkes, Bob W. Warnick, Salt Lake City, for plaintiffs and appellant.

Robert F. Orton, Salt Lake City, for defendant and respondent.

STEWART, Justice:

The issue on this appeal is whether punitive damages may be awarded in a wrongful death action. The case is here on an interlocutory appeal from the trial court's refusal to permit the plaintiff to amend its complaint to seek punitive damages.

## I. THE FACTS

Plaintiff's decedent, Robert Alan Behrens, was admitted to the defendant Raleigh Hills Hospital to undergo treatment for alcohol abuse. On the third day of his stay, a hospital employee allowed decedent to use a razor to shave. Instead, decedent used the razor to slash his wrists; he died four days later.

Decedent's wife, individually and on behalf of their infant son, filed this action for wrongful death seeking compensatory damages only. The jury trial resulted in a judgment for plaintiff in the amount of $100,000. However, the trial court granted defendant's motion for a new trial because of its failure to give a comparative negligence jury instruction. That ruling is not challenged.

After the motion for a new trial was granted, plaintiff moved to amend her complaint to include a claim for punitive damages. The matter was heard on oral argument, and the motion to amend was denied. Because the precise basis for that denial is not in the record, we examine first the possible procedural grounds offered as a justification for the ruling.

## II. PROCEDURAL OBJECTIONS

### A. Motion to Amend

Defendant argues that the motion to amend was properly denied for procedural reasons because it was not presented in writing and was not accompanied by the

proposed amended complaint. Although a trial court may deny a motion to amend for a movant's failure to present a written motion and a proposed amended complaint, *see* Utah R.Civ.P. 7(b)(1); 3 J. Moore, *Moore's Federal Practice* ¶ 15.12 (2d ed. 1983), that rule does not govern this case.

Prior to trial, plaintiff filed a written motion to amend the complaint. Plaintiff's motion included the language to be added to the complaint, i.e., "Plaintiff prays for punitive damages in the amount of $50,000." That motion was improperly denied by the trial court. The motion was renewed after the trial court granted a new trial. The defendant did not object to plaintiff's failure at that time to file a proposed complaint. Indeed, the defendant knew precisely what the issues were with respect to the motion to amend and filed a lengthy and well-researched memorandum on the issue of punitive damages. Under the circumstances, plaintiff's first motion to amend was sufficient. It was again error to deny the renewed motion.

Furthermore, this case must be viewed against the backdrop of Utah R.Civ.P. 54(c)(1), which states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *See also Pope v. Pope,* Utah, 589 P.2d 752 (1978); *Palombi v. D & C Builders,* 22 Utah 2d 297, 452 P.2d 325 (1969). *Cf. Motivated Management International v. Finney,* Utah, 604 P.2d 467 (1979). As Professor Moore states:

> Rule 15 provides liberally for amendment of pleadings and supplemental pleadings to the end that litigation may be disposed of on the merits. And Rule 54(c) continues the story by providing that, except as to a judgment by default which shall not be different in kind from or exceed the amount prayed, every other final judgment shall grant the relief to which the party in whose favor it is rendered is entitled.

While under Rule 8(a)(3), *supra,* every pleading setting forth a claim for relief should contain a demand for judgment, this prayer for relief constitutes no part of the pleader's cause of action; a pleading should not be dismissed for legal insufficiency unless it appears to a certainty that the claimant is entitled to no relief, legal, equitable or maritime, under any state of facts which could be proved in support of the claim, irrespective of the prayer for relief; and, *except as to a judgment by default, the prayer does not limit the relief, legal, equitable or maritime, which the court may grant.* [Emphasis added, footnotes omitted.]

6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.60 at 1212–14 (2d ed. 1983).

Thus, if the plaintiff were able to adduce the necessary foundational evidence at trial, she could claim punitive damages under Rule 54(c) without a formal amendment to the pleadings. Case authorities support this proposition. In *Guillen v. Kuykendall,* 470 F.2d 745, 748 (5th Cir. 1972) (per curiam), the court stated:

> It is not necessary to claim exemplary [i.e., punitive] damages by specific denomination if the facts show that the wrong complained of was "inflicted with malice, oppression, or other like circumstances of [aggravation][1]", ... 22 Am. Jur.2d Damages § 293.

*Accord Gilbreath v. Phillips Petroleum Co.,* 526 F.Supp. 657 (W.D.Okl.1980) (interpreting Oklahoma law); *Alexander v. Jones,* 29 F.Supp. 690, 692 (E.D.Okla.1939) (same). *Cf. Nolan v. Foreman,* 665 F.2d 738 (5th Cir.1982).

**B. Statute of Limitations**

The defendant also asserts that the claim for punitive damages is a new claim for relief that is barred by the statute of limitations. However, an amendment to include damages does not import into a case a new and different cause of action. *Hjorth v. Whittenburg,* 121 Utah 324, 241 P.2d 907 (1952). *See*

---

**1.** So in original; see 22 Am.Jur.2d Damages § 293 at 389 (1965).

*also Johnson v. Brinkerhoff,* 89 Utah 530, 57 P.2d 1132 (1936). Even the setting forth of "an additional ground of negligence as the cause of the same injury" is not a new cause of action. *Peterson v. Union Pacific Railroad Co.,* 79 Utah 213, 221, 8 P.2d 627, 630 (1932).

Other jurisdictions have also allowed a claim for punitive damages to be added on the ground that the claim raised no new legal issues and therefore its addition did not prejudice the other party. *Owen v. Superior Court,* 133 Ariz. 75, 649 P.2d 278 (1982); *Thomas v. Medesco, Inc.,* 67 F.R.D. 129 (E.D.Pa.1974); *Hodnik v. Baltimore & Ohio Railroad,* 54 F.R.D. 184 (W.D.Pa. 1972); *Walker v. Fleming Motor Co. Inc.,* 195 Kan. 328, 404 P.2d 929 (1965). *See also Hernandez v. Brooks,* 95 N.M. 670, 625 P.2d 1187 (App.1980). Accordingly, the statute of limitation is no bar. *See* Rule 15(c); *Peterson v. Union Pacific Railroad Co.,* 79 Utah 213, 8 P.2d 627 (1932); *Thomas v. Medesco, Inc.,* 67 F.R.D. 129 (E.D.Pa. 1974).

 Defendant also argues that denial of the motion was proper because the proposed amendment set forth additional allegations and claims outside the scope of plaintiff's notice of intent to sue, which had been filed prior to commencement of this action. A notice of intent to sue, as required by U.C.A., 1953, § 78–14–8, is not intended to be the equivalent of a complaint and need not contain every allegation and claim set forth in the complaint. The purpose of an intent to sue notice is to give the parties an opportunity to discuss, and hopefully to resolve, the potential claim before they become locked into a lawsuit. Although the notice must include "specific allegations of misconduct on the part of the prospective defendant," that requirement does not need to meet the standards required to state a claim for relief in a complaint. The parties need to give only general notice of an intent to sue and of the injuries then known and not a statement of legal theories.

 In the present case, the notice cited specific allegations of the Hospital's misconduct, including failing to diagnose decedent's dangerous mental condition and allowing him to possess a razor. The proposed amendment to the complaint does not refer to new or different acts of misconduct; rather, the amendment relies upon a different legal characterization of the same conduct. Describing the defendant's conduct as negligent conduct in the notice of intent does not preclude describing it as "grossly negligent" or reckless. Nor does § 78–14–8 require that a claim for punitive damages be expressed in the notice of intent, as long as it includes "a general statement of the nature of the claim."

## III. PUNITIVE DAMAGES IN WRONGFUL DEATH ACTIONS

The key substantive issue in this case is whether the Utah wrongful death statute allows for recovery of punitive damages or only permits compensatory damages. The relevant portion of U.C.A., 1953, § 78–11–7 states: "In every action under this [section] ... such damages may be given as under all the circumstances of the case may be just." Whether this provision allows for recovery of punitive damages in a wrongful death action is a question of first impression in Utah.

The common law recognized no action for the wrongful death of a human being. Lord Campbell's Act, which was enacted in England in 1846 to override the common law, created a statutory action for wrongful death. That act provided for the recovery of damages which the jury found resulted from the death. Comment, *A Primer on Damages Under the Utah Wrongful Death and Survival Statutes,* 1974 Utah L.Rev. 519. Although English courts have restricted recovery under that act to pecuniary losses suffered by the survivors, American courts have not ruled consistently one way or the other. *Id.;* 1 S. Speiser, *Recovery For Wrongful Death* § 3:1 at 103 (2d ed. 1975).

Most wrongful death statutes in the United States, including Utah's, were modeled after Lord Campbell's Act. 1 S. Speis-

er, *supra*, § 1:9 at 29; U.C.A., 1953, § 78–11–7 (Compiler's Notes). Some American jurisdictions adopted, expressly either in their statutes or by judicial construction, the pecuniary damage limitation of the English act. 1 S. Speiser, *supra*, § 3:1 at 106–09; 1974 *Utah L.Rev.*, *supra*, at 520. A majority of American jurisdictions allow recovery of nonpecuniary damages, such as mental anguish or loss of companionship, 1 S. Speiser, *supra*, § 3:1 at 113–15 and § 3:49 at 313–20. However, only some of those jurisdictions limit damages to those which are compensatory, whether pecuniary or nonpecuniary damages or both, while denying noncompensatory damages aimed at punishing the wrongdoer. 1 S. Speiser, *supra*, § 3:4; J. Stein, *Damages and Recovery, Personal Injury and Death Actions* § 183 at 361–64 (1972).

At bottom, the allowance of punitive damages in wrongful death actions is a function of the governing statute construed in light of legislative intent and public policy. J. Stein, *supra*, § 183 at 360; Restatement (Second) of Torts § 925 (1979). In those jurisdictions where punitive damages are not allowed in wrongful death actions, the rationale is generally that the governing statute limits recovery to pecuniary losses. Some states have relied on the canon of statutory construction that a statute in derogation of the common law must be construed narrowly and, on that basis, have refused to allow punitive damages. On the other hand, the statutes in nearly half the American jurisdictions, either expressly or by construction, allow recovery of punitive damages in appropriate wrongful death actions, and this position represents the modern trend.[2]

Defendant contends that the Utah statute, being in derogation of the common law, must be strictly construed and that the claim for punitive damages must consequently be denied because the statute nei-

ther expressly nor impliedly allows for such damages.

The Utah wrongful death act was originally passed by the Territorial Legislature in 1874 to remedy the·harsh effects of the common law rule which did not recognize wrongful death actions at all. Ch. 11 [1874] Laws of Territory of Utah 9, II Compiled Laws of Utah § 2961 (1888). At statehood, a cause of action for wrongful death was guaranteed by the Constitution which also prohibited any statutory limits on the amount recoverable. Article XVI, § 5 states:

> The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation ....

 The Utah wrongful death statute, implementing the constitutional provision, although in derogation of the common law, traditionally has been liberally construed by the courts. *See Jones v. Carvell*, Utah, 641 P.2d 105 (1982), and cases cited. Indeed, a liberal construction is supported by one of our earliest statutes, U.C.A., 1953, § 68–3–2:

> The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of this state. The statutes establish the laws of this state respecting the subjects to which they relate, and their provisions and all proceedings under them *are to be liberally construed* with a view to effect the objects of the statutes and to promote justice. [Emphasis added.]

Thus, unlike those wrongful death statutes which disallow punitive damages because those statutes are construed strictly, the Utah wrongful death statute is not required to be strictly construed because it deviates from the common law.

---

2. *See generally* 1 S. Speiser, Recovery For Wrongful Death § 3:4 (2d ed. 1975 & 1982 Supp.); J. Stein, Damages and Recovery, Personal Injury and Death Actions § 183 (1972 & 1982 Supp. § 183.6); Annot., Exemplary or Pu-

nitive Damages As Recoverable In Action For Death, 94 A.L.R. 384 (1935); Comment, Punitive Damages in Wrongful Death, 20 Clev.St.L.Rev. 301 (1971).

The traditional, liberal construction of the Utah statute has been applied specifically to the damages clause of the act which provides for "such damages ... as under all the circumstances of the case may be just." U.C.A., 1953 § 78–11–7. This Court, at an early date, construed the statute to allow recovery of damages for both pecuniary and nonpecuniary losses, even though damages for nonpecuniary losses are not expressly authorized by the statute. *E.g., Evans v. Oregon Shortline Railroad Co.,* 37 Utah 431, 439, 108 P. 638, 641 (1910); *Corbett v. Oregon Short Line Railroad Co.,* 25 Utah 449, 71 P. 1065 (1903). In *Jones v. Carvell, supra,* we recently stated: "[T]he statute is broadly phrased, and this Court has construed it accordingly." *Id.* at 110.

Most commentators agree that absent an express prohibition against recovery of punitive damages in wrongful death actions, the position most consistent with fairness and sound public policy is to allow punitive damages where the circumstances warrant. For example, in his comprehensive treatise, Speiser comments:

Under existing systems, many jurisdictions do not allow recovery of punitive damages in wrongful death actions, unless the statutes are fairly explicit in sanctioning such recovery. This would make sense in states (and there are a few) that do not allow punitive damages at all. But it makes no sense for a state that allows punitive damages for a wilful, wanton, malicious, reckless or grossly negligent tort that results in personal injury, emotional anguish, or property damage, to deny such punitive damages where the injury victim happens to die. Death is, after all, the final injury—the ultimate insult. Such a result defies logic and distorts symmetry in the law.

2 S. Speiser, *Recovery for Wrongful Death,* § 15:14 at 487 (2d ed. 1975). Speiser also states:

The nature and quality of the wrongful act should dictate whether its perpetrator should be compelled to respond in more than compensatory damages—not

the fortuitous circumstance whether he happens to injure or to kill his victim. 1 S. Speiser, *supra,* § 3:4 at 135. *See also* K. Redden, *Punitive Damages* § 4.2(A)(3) (1980); Comment, *Constitutional Law— Wrongful Death,* 8 Cumb.L.Rev. 567, 574 (1977); Comment, *Punitive Damages in Wrongful Death,* 20 Clev.St.L.Rev. 301, 304, 314 (1971).

 This state has traditionally permitted recovery of punitive damages in personal injury cases, *e.g., Cruz v. Montoya,* Utah, 660 P.2d 723 (1983). Consistency with general tort law suggests that the Utah wrongful death statute should be construed to permit punitive damages. If the Legislature intended to prohibit the award of punitive damages, it could have done so expressly, assuming that such action would be constitutional under Article XVI, § 5.

 Defendant relies on language in *Morrison v. Perry,* 104 Utah 151, 168, 140 P.2d 772, 780 (1943), to support its argument against punitive damages. In *Morrison,* the Court stated: "Under our wrongful death statute, [citation omitted], the law does not seek to punish the wrongdoer, but simply to compensate the heirs for the loss sustained." This language, however, was directed to another issue. The issue before the Court was recovery of funeral expenses, not recovery of punitive damages. Certainly the primary purpose of the statute is to compensate the deceased's heirs, but that is not its only purpose. Compensation is not inconsistent with the general policy of permitting punitive damages to punish a wrongdoer and to deter particularly culpable, dangerous conduct.

Other jurisdictions with statutory language identical or similar to Utah's have also construed that language to allow punitive damages. In *Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980), the Idaho Supreme Court construed an identical wrongful death damage provision to allow punitive damages:

Thus, while a wrongdoer may be liable for punitive damages if he injures another, it is argued that punitive damages

should nevertheless be withheld if a wrongdoer so injures another as to cause death. We find no logic in such a conclusion. If wrongful conduct is to be deterred by the award of punitive damages, that policy should not be thwarted because the wrongdoer succeeds in killing his victim.

*Id.* at 61, 608 P.2d at 864.

The West Virginia wrongful death statute provides that "the jury may award such damages as to it may seem fair and just." W.Va.Code, § 55–7–6 (1981). In *Bond v. City of Huntington*, W.Va., 276 S.E.2d 539 (1981), the court construed that language to permit recovery of punitive damages. The court reasoned that "the deterrence principle of punitive damages is perfectly compatible with a wrongful death claim," and perhaps even more appropriate there than in actions for less severe injuries. "The fact that the wrongful death statute never spelled out particular items of damages has not precluded this Court in the past from concluding that certain elements of damages could be obtained." *Id.* at 545. *See also Perry v. Melton*, W.Va., 299 S.E.2d 8 (1982).

Defendant cites several cases from other jurisdictions that deny punitive damages in wrongful death cases. We acknowledge the division among the authorities on this question; however, for the most part, contrary conclusions can be traced to material differences in either the governing statute or its legislative history.

 In sum, because of the broad language of the wrongful death statute which permits recovery for nonpecuniary losses, the liberal construction that has been placed on that language, and the desirability of having the rule of law in wrongful death cases consistent with general tort law, we hold that the wrongful death statute permits the recovery of punitive damages in appropriate cases.

## IV. LIMITATIONS ON PUNITIVE DAMAGES

 Although punitive damages may be awarded in an appropriate case, the general rule is that only compensatory damages are appropriate and that punitive damages may be awarded only in exceptional cases. It is not the point to allow punitive damages to be awarded to increase the sorrow that defendants generally suffer when an injury has been inflicted by error or inadvertance, or to give a plaintiff an *in terrorem* weapon in settlement negotiations. Since punitive damages are not intended as additional compensation to a plaintiff, they must, if awarded, serve a societal interest of punishing and deterring outrageous and malicious conduct which is not likely to be deterred by other means. *See* C. McCormick, *Handbook on the Law of Damages* §§ 77–78 (1935); J. Stein, *Damages and Recovery, Personal Injury and Death Actions* § 183 (1972).

Our cases have generally held that punitive damages may be awarded only on proof of "willful and malicious," conduct, *e.g., Leigh Furniture and Carpet Co. v. Isom*, Utah, 657 P.2d 293, 312 (1982); *First Security Bank of Utah v. J.B.J. Feedyards, Inc.*, Utah, 653 P.2d 591, 598 (1982); *Elkington v. Foust*, Utah, 618 P.2d 37, 41 (1980); *Kesler v. Rogers*, Utah, 542 P.2d 354, 359 (1975), or on proof of conduct which manifests a knowing and reckless indifference toward, and disregard of, the rights of others, *Branch v. Western Petroleum, Inc.*, Utah, 657 P.2d 267, 277–78 (1982); *Terry v. Zions Cooperative Mercantile Institution*, Utah, 605 P.2d 314, 327 (1979), especially where compensatory damages may be simply absorbed as a cost of business. *See also* Restatement (Second) of Torts § 908 (1979).

 Punitive damages should be awarded infrequently. Simple negligence will never suffice as a basis upon which such damages may be awarded. "Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." Restatement (Second) of Torts § 908 comment b at 465 (1979). A defendant's conduct must be malicious or in reckless disregard for the rights of others, al-

though actual intent to cause injury is not necessary. *Branch v. Western Petroleum, Inc., supra.* That is, the defendant must either know or should know "that such conduct would, in a high degree of probability, result in substantial harm to another," *Danculovich v. Brown,* Wyo., 593 P.2d 187, 193 (1979), and the conduct must be "highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *Id.* at 191. *See also* J. Stein, *supra,* §§ 186–187.

Furthermore, punitive damages should be awarded only when they will clearly accomplish a public objective not accomplished by the award of compensatory damages. They are not intended to vent vindictiveness or to increase the sorrow and suffering that persons guilty of an error normally feel as a result of the all too human propensity to err, and even to blunder. Such damages may, however, be appropriate to take the profit out of wrongdoing where compensatory damages are small in relation to the financial resources of a defendant and can be subsumed as a cost of doing business. *See generally Branch v. Western Petroleum, Inc., supra; First Security Bank of Utah v. J.B.J. Feedyards, supra; Terry v. Zions Cooperative Mercantile Institution, supra.* The intended deterrent effect must be clear and in proportion to the nature of the wrong and the possibility of recurrence.

Reversed and remanded. Costs to appellant.

HALL, C.J., and HOWE, OAKS and DURHAM, JJ., concur.