**Sandra MISKIN, Plaintiff and Appellant,**

v.

**Marianne CARTER, Defendant and Appellee.**

**No. 20587.**

Supreme Court of Utah.

Aug. 25, 1988.

G. Steven Sullivan, Robert J. DeBry, Salt Lake City, for plaintiff and appellant.

Roger Christensen, Roger Fairbanks, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

Plaintiff Sandra Miskin appeals from a grant of partial summary judgment dismissing her claim for punitive damages. That claim was based on an accident arising from defendant Marianne Carter's operation of a motor vehicle while legally intoxicated. We affirm.

The record regarding Carter's conduct was fully developed below through discovery. We consider those facts in the light most favorable to Miskin. *See, e.g., Webster v. Sill,* 675 P.2d 1170, 1172 (Utah 1983). Carter had consumed three or four alcoholic drinks on the day in question. After drinking, Carter had a friend drive her car back to their place of employment, and then Carter waited four hours before driving the car herself. When she did drive, she entered an intersection immediately after the light had turned red and collided with Miskin's car. Miskin sued, claiming that Carter had injured her by driving her car negligently and recklessly while intoxicated. Miskin sought general and punitive damages.

Carter admitted her negligence and accepted liability for Miskin's general damages but moved for partial summary judgment on the issue of punitive damages. The trial court granted the motion, ruling that, as a matter of law, bare evidence of legal intoxication combined with simple negligence in the operation of a motor vehicle, without more, is insufficient to support a claim for punitive damages.

The Utah cases that have attempted to define the legal standard for awarding punitive damages in tort cases appear to be somewhat in conflict, as noted recently by the Utah Court of Appeals in *Biswell v. Duncan,* 742 P.2d 80, 83–84 (Utah Ct.App. 1987). In false imprisonment cases, we have applied a "malice in fact" or "actual malice" standard. *See McFarland v. Skaggs Companies,* 678 P.2d 298, 304 (Utah 1984). In other cases, we have applied the "implied malice" or "malice in law" standard, often characterized as reckless disregard for the rights of another. *See, e.g., Branch v. Western Petroleum, Inc.,* 657 P.2d 267, 277–78 (Utah 1982). Still other cases state that either the "actual malice" or the "implied malice" standard applies in determining the propriety of a punitive damages award. *See, e.g., Atkin, Wright & Miles v. Mountain States Tel. & Tel. Co.,* 709 P.2d 330, 337 (Utah 1985). We note that these conflicts in the stated standards may be more apparent than real, at least when the legal and factual contexts in which the standards have been enunciated are taken into account. Be that as it may, we have no occasion to address these precedents because, whatever may be the case with respect to the standards appropriate for other causes of action, today we have clarified the standard for imposing punitive damages in drunken driving cases. In *Johnson v. Rogers,* —— P.2d ——, No. 20622, slip op. (Utah August 25, 1988), we settled on the "knowing and reckless disregard for the rights of others" standard. The question is whether that standard is satisfied here.

Before analyzing Carter's specific conduct, it is worth observing that in deciding whether a given set of facts warrants submitting to the jury the question of punitive damages, the courts must always have in mind the purpose of such damages, regardless of the rubric used in articulating the applicable punitive damages standard. As we stated in *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983), punitive damages may be awarded only if they serve society's interest in "punishing and deterring outrageous and malicious conduct which is not likely to be deterred by other means." (Citing C. McCormick, *Handbook on the Law of Damages* §§ 77–78 (1935); J. Stein, *Damages and Recovery, Personal Injury and Death Actions* § 183 (1972).) Applying the *Johnson* "knowing and reckless disregard" standard here, while giving consideration to the purposes of punitive damages as stated in *Behrens*, we conclude that the trial court did not err in ruling that the facts of this case could not support an award of punitive damages.

At the time of the accident, Carter's blood alcohol level was only .08 percent, precisely the legal minimum for intoxication in Utah. Nothing indicates that Carter has a history of alcoholism, of driving her car while intoxicated, or of DUI arrests and convictions. She had three to four drinks and had not driven for four hours after her last drink. She was not driving her car in a manner that could be characterized as reckless. She was not driving at a high rate of speed, weaving, or driving in the wrong lane. She simply entered an intersection after the light changed.

We note that in *Biswell v. Duncan*, the Utah Court of Appeals indicated that intoxication combined with the negligent operation of a motor vehicle might justify an award of punitive damages in appropriate circumstances. 742 P.2d at 85–86. It did not elaborate on how a court would determine when an award might be permissible. We think this determination requires a balancing of factors. Under some circumstances, the manner in which a vehicle is operated, when considered in light of the degree of intoxication and the driver's past behavior patterns, may warrant punitive damages. But we emphasize that nothing in *Biswell* or in *Johnson* should be read to suggest that the mere presence of a .08 percent blood alcohol level, combined with nothing more than negligent conduct, is sufficient to put the issue of punitive damages before a jury in a personal injury suit arising from a motor vehicle accident.

For these reasons, the partial summary judgment on the issue of punitive damages is affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.