**2013 UT App 246**

# THE UTAH COURT OF APPEALS

GREGORY F. MCGINN,
Plaintiff and Appellant,
*v.*
BRYAN W. CANNON, PC; BRYAN W. CANNON; AND
STEPHEN W. WHITING,
Defendants and Appellees.

Opinion
No. 20120739-CA
Filed October 18, 2013

Third District, Salt Lake Department
The Honorable L.A. Dever
No. 110903116

Edward T. Wells and Brady L. Curtis, Attorneys
for Appellant
Kumen L. Taylor and Todd W. Prall, Attorneys for
Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES JAMES Z. DAVIS and MICHELE M. CHRISTIANSEN
concurred.

ORME, Judge:

¶1     Plaintiff Gregory McGinn appeals from the district court's decision granting summary judgment in favor of defendants—a law firm and two of its attorneys—on his claim of wrongful use of civil proceedings and his request for punitive damages. We affirm.

BACKGROUND

¶2     Defendants Bryan W. Cannon, PC and two of its attorneys, Bryan W. Cannon and Stephen W. Whiting (collectively, the Cannons) were hired by American Express Company to collect on a debt incurred by one of its business credit card customers. The card on which the customer had defaulted was issued to "Michael Page/Chiropractic First." The customer was living in California when he applied for the card and registered "Chiropractic First" as his assumed business name, but he moved to Utah prior to defaulting on his credit card obligations. In their attempts to sue for payment on behalf of American Express, the Cannons searched for "Chiropractic First" in Utah. They were unaware that "Chiropractic First," as listed on the account, was actually a California business. They located a business by the same name in Utah, however, registered to McGinn, a chiropractor. They assumed they had located the responsible party because it was the only business with that name in Utah, and they consequently served McGinn with a complaint. McGinn contacted the Cannons shortly thereafter, denying any involvement with the credit card. The Cannons nevertheless filed the complaint against McGinn in the district court. McGinn responded by sending them a proposed motion for sanctions under rule 11 of the Utah Rules of Civil Procedure. One of the Cannons instructed a secretary to dismiss McGinn from the suit without prejudice, but he never followed up to make sure the dismissal actually happened. The Cannons were instructed by American Express to close the file, and the Cannons took no further action against McGinn.

¶3     Concerned that no dismissal had occurred and that the complaint against him remained of record, McGinn insisted that the Cannons dismiss the suit against him with prejudice and pay his attorney fees. The Cannons refused to do so because they were worried they did not have permission from American Express to dismiss with prejudice and therefore would only offer McGinn dismissal without prejudice. McGinn filed a motion for summary judgment and the previously threatened rule 11 motion for

sanctions. Around this time, the customer responsible for the account in default contacted the Cannons and explained that McGinn was in no way affiliated with the debt. Based on this information, the Cannons filed what they styled a motion of non-opposition to summary judgment. The district court granted summary judgment to McGinn and ordered the Cannons to pay McGinn's attorney fees incurred in bringing the rule 11 motion. No attorney fees were awarded to McGinn, however, to compensate him for his efforts in bringing his summary judgment motion.

¶4     Several months later, McGinn filed this suit against American Express and the Cannons for wrongful use of civil proceedings.[1] McGinn also sought an award of punitive damages. The Cannons filed a motion for summary judgment. McGinn opposed the motion. The court granted the Cannons' motion for summary judgment, dismissing McGinn's complaint. McGinn filed a motion for a new trial, but it was denied. McGinn now appeals the summary judgment in favor of the Cannons.

STANDARD OF REVIEW

¶5     "Summary judgment is appropriate only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Cabaness v. Thomas*, 2010 UT 23, ¶ 18, 232 P.3d 486 (omission in original) (quoting Utah R. Civ. P. 56(c)). "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness," and "views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

---

1. American Express and McGinn have settled, and American Express has been dismissed as a party to this action.

ANALYSIS

I. Wrongful Use of Civil Proceedings

¶6      McGinn argues that the district court erred when it granted summary judgment in favor of the Cannons as to his claim of wrongful use of civil proceedings. In order to prevail on a wrongful use of civil proceedings claim, McGinn must show that the Cannons pursued their claim against him "'without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based.'" *Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841 (quoting Restatement (Second) of Torts § 674 (1977)). In such cases, a plaintiff must show that the claim was brought "for the purpose of harassment or annoyance; and it is usually said to require malice." *Baird v. Intermountain Sch. Fed. Credit Union*, 555 P.2d 877, 878 (Utah 1976).

¶7      McGinn argues that there are genuine issues of material fact regarding both the Cannons' purpose in bringing the claim and whether there was probable cause for the claim. McGinn points to evidence that the Cannons failed to verify his connection with the defaulted account prior to filing suit and argues that "[a] jury could easily believe from [the Cannons'] testimony that the failure to take time and make a reasonable effort to determine that only persons connected to a debt by objective evidence are named as defendants in collection suits is a law firm policy designed to enhance profits."

¶8      While we are required to view the facts in the light most favorable to McGinn, we are "not required to draw every possible inference of fact, no matter how remote or improbable, in favor of the nonmoving party. Instead, [we are] required to draw all *reasonable* inferences in favor of the nonmoving party." *See IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 19, 196 P.3d 588 (emphasis in original).

¶9     The Cannons presented evidence that they believed McGinn was involved with the defaulted account because of the shared business name and that their failure to dismiss the case was a result of poor communication with one of their legal secretaries and uncertainty regarding their ability to dismiss with prejudice without permission from their client. McGinn presented neither affirmative evidence of an intention on the Cannons' part to harass or annoy through the continuance of their suit nor evidence of malice. The only facts that McGinn relies on to support his argument are the existence of the claim and the Cannons' failure to verify a connection, beyond the shared business name, between McGinn and the delinquent account. An inference that the Cannons' primary purpose was to harass and annoy is unreasonable in light of the undisputed evidence advanced by the Cannons and the absence of any affirmative evidence supporting McGinn's theory. McGinn's assertions, therefore, go beyond inference and are more a matter of conjecture and speculation. We conclude that there are no facts in dispute that would impact the "rights or liabilities of the parties" and that summary judgment was therefore appropriate.[2] *See Alliant Techsystems, Inc. v. Salt Lake Cnty. Bd. of Equalization*, 2012 UT 4, ¶ 31, 270 P.3d 441 (citation and internal quotation marks omitted).

## II. Punitive Damages

¶10    McGinn next argues that the district court erred when it granted summary judgment denying McGinn's claim for punitive

---

2. Both improper purpose and a lack of probable cause are required to support a claim of wrongful use of civil proceedings. *See Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841. Because we conclude that summary judgment was proper based on McGinn's failure to set forth evidence tending to establish the improper purpose requirement—in the face of the Cannons' evidence showing they had no improper purpose—we need not reach the parties' arguments related to probable cause.

damages. Punitive damages may be awarded only if "it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(1)(a) (LexisNexis 2012). "'Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.'" *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983) (quoting Restatement (Second) of Torts § 908 cmt. b (1979)).

¶11    We conclude that there are no facts of record that would support a finding that the Cannons' suit against McGinn went beyond an inadvertent mistake or error of judgment and was instead conduct of a malicious or knowing and reckless nature. Meanwhile, the Cannons have pointed to undisputed facts that show they based their mistaken belief of McGinn's connection to the debt on the shared business name—a name that matched up perfectly with McGinn's chosen profession—and that it was the only business by that name in Utah. They also provided evidence that their reasons for failing to dismiss the case with prejudice included mistake, miscommunication, and their inability to talk with their client for permission to take such action despite multiple phone calls to American Express that went unreturned.[3] While such evidence may have supported a jury verdict of negligence, that is not the legal standard required for punitive damages. We conclude that it was proper for the district court to determine that the facts before it could not reasonably support a genuine issue as to malice, fraud, or knowing recklessness. We agree with the district court's assessment that "[McGinn's] labeling [the Cannons'] actions . . . as substantial harm, an extreme departure from ordinary care, or reckless disregard does not make it so."

---

3. As previously noted, American Express has settled with McGinn.

CONCLUSION

¶12    We conclude that it was proper for the district court to grant summary judgment to the Cannons, dismissing McGinn's claim of wrongful use of civil proceedings. We also conclude that the district court did not err when it determined that punitive damages were not, in any event, appropriate in this case.

¶13    Affirmed.

———————