Chief Justice Durrant, opinion of the Court:
 

 Introduction
 

 ¶1 Osman Mohammed Noor, a pro se petitioner and Somalian refugee, timely filed a petition under the Post-Conviction Remedies Act (PCRA) seeking relief from his convictions. In his original petition, he claimed that relief under the PCRA was warranted because, among other reasons, his trial counsel was ineffective in failing to alert the district court to his lack of fluency with the English language and his cultural background. Before the district court determined the merits of his petition, the court appointed Mr. Noor pro bono counsel, but only after the one-year statute of limitations period on his PCRA petitions had expired. With permission from the court, pro bono counsel amended his petition by removing all previous claims from the original petition and replacing them with a claim that Mr. Noor's trial counsel was ineffective for (1) failing to secure competent interpreters for Mr. Noor at trial, (2) failing to allow him to participate in his own defense, and (3) failing to inform him that he would be deported if convicted.
 

 ¶2 The State moved to dismiss the allegations raised in the amended petition, arguing that they were time-barred under the PCRA's statute of limitations and that the amended claim in the amended petition did not arise out of the same conduct, transaction, or occurrence as the original claims, as
 required by rule 15(c) of the Utah Rules of Civil Procedure. The district court agreed with the State and held that the amended petition was time-barred under the PCRA.
 

 ¶3 On appeal, Mr. Noor argues that the district court erred in applying rule 15(c) to his amended petition because (1) the court had sufficient discretion to review his amended petition irrespective of whether the petition was filed after the one-year limitations period, and (2) rule 15(c) does not apply to amendments to PCRA petitions. Alternatively, he argues that if rule 15(c) does apply, his claim in the amended petition arises from the same conduct, transaction, or occurrence as the claim set forth in the original petition, and so his new claim is not time barred but instead relates back to the date of the original petition.
 

 ¶4 We hold that the district court did not err in concluding that rule 15(c) applies to proposed amendments made to PCRA petitions. Both the PCRA's language and Utah caselaw support applying rule 15(c) 's relation-back test to the PCRA and its procedural companion, rule 65C. This is consistent with recent amendments to the PCRA and rule 65C, which removed exceptions for time-barred petitions.
 

 ¶5 The district court did err, however, in concluding that the claim in Mr. Noor's amended petition did not satisfy rule 15(c) and so was time barred under the PCRA. Mr. Noor's amended petition did satisfy rule 15(c). He did not assert a new or different claim in his amended pleading and, under a liberal reading of the amendment, the State received notice of the factual grounds for his amended claim. Accordingly, we reverse and remand for proceedings consistent with this opinion.
 

 Background
 
 [1]
 

 ¶6 Osman Mohammed Noor, a Somalian immigrant, entered his apartment manager's dwelling without her permission. He did so after an altercation with the manager. Once inside, Mr. Noor removed his clothing, pulled the manager on top of him, and attempted to kiss her repeatedly. He also simulated oral sex over her clothing and touched her genitals under her pants. He performed all of these acts against her will. During the incident, the manager repeatedly demanded that Mr. Noor stop his advances and leave her apartment. She also called the police, who arrived just as the manager broke free from Mr. Noor and ran from her apartment.
 

 ¶7 Mr. Noor was arrested and subsequently charged with one count each of burglary, forcible sexual abuse, and lewdness. Because he had difficulty understanding and communicating in English, he was provided with several interpreters to assist him throughout the course of his criminal proceedings. He was also appointed counsel from the legal defender's office, who communicated to Mr. Noor through the same interpreters.
 

 ¶8 In January 2011, Mr. Noor was tried by a jury on the three charges. He once again received assistance from two interpreters and representation by appointed counsel during the trial. At trial, the State put on two witnesses-the manager and the police officer who responded to her emergency call. After the State's case in chief, Mr. Noor's counsel moved for a directed verdict based on insufficient evidence, which motion the district court denied. The jury found Mr. Noor guilty on all three charges. The district court subsequently sentenced Mr. Noor to concurrent one- to fifteen-year prison terms for burglary and forcible sexual abuse, and the court ordered credit for time served on his lewdness conviction.
 

 ¶9 Following his conviction and sentence, Mr. Noor appealed the jury's determination to the Utah Court of Appeals, again through his appointed counsel.
 
 [2]
 
 On appeal, he argued that "the State failed to present sufficient evidence to prove that he had the requisite intent to commit lewdness or forcible sexual
 abuse."
 
 [3]
 
 Specifically, he argued that "subjugation and domination of women is acceptable and even encouraged in the highly patriarchal Somali culture" and that because of this "his actions should be viewed only as a misguided attempt to express love and affection and that he had no intent to commit forcible sexual abuse or lewdness."
 
 [4]
 
 He also claimed that his "lack of fluency in the English language and his intoxication impaired his ability to understand [the manager's] demands that he stop his advances and leave her apartment."
 
 [5]
 

 ¶10 The court of appeals held that Mr. Noor had failed to preserve these arguments for appeal. It noted that Mr. Noor's motion for directed verdict never mentioned the arguments he raised on appeal, and instead merely "move[d] for a directed verdict of acquittal based on insufficiency of evidence," which the district court immediately denied.
 
 [6]
 
 "This exchange," the court reasoned, "did not apprise the district court that Noor was asserting that his cultural background, intoxication, and difficulties understanding English rendered him unable to form the requisite intent as to the crimes charged against him."
 
 [7]
 
 The court therefore declined to address the merits of these arguments and affirmed all three convictions on July 12, 2012.
 
 [8]
 

 ¶11 Mr. Noor thereafter petitioned this court for certiorari, which we denied on October 17, 2012.
 
 [9]
 
 He did not pursue an additional appeal to the United States Supreme Court. On November 5, 2013, Mr. Noor-this time without the assistance of counsel-filed a petition (Original Petition) for relief under the PCRA. He also simultaneously filed a request for court-appointed counsel to help him in pursuing his PCRA claims, which the district court denied on December 30, 2013. In his Original Petition, he made three claims for post-conviction relief, one of which is relevant to this dispute: "[d]enial of effective assistance of trial counsel" for his appointed counsel's failure to "br[ing] to the trial court's attention that [Mr. Noor's] lack of fluency in English ... impaired his ability to understand the victim's demands that he stop his advances" and for counsel's failure to "br[ing] to the trial court's attention the fact that [Mr. Noor's] cultural background prevented him from forming the requisite intent" in this case. It is undisputed that Mr. Noor's Original Petition was filed two months before the PCRA's statutory deadline of January 15, 2014.
 
 [10]
 

 ¶12 In response to the Original Petition, the State filed its initial motion for summary judgment. Before filing an opposition to the State's motion, Mr. Noor wrote the district court explaining his difficulty reading and writing in English and requested that the court appoint counsel to assist him with his PCRA claims. In response, on April 7, 2014, the court ordered that Mr. Noor be appointed pro bono counsel and requested the Utah State Bar's assistance in making that appointment. On October 7, 2014, the first pro bono counsel entered an appearance on Mr. Noor's behalf, but, due to a conflict, was allowed to withdraw as Mr. Noor's counsel by the district court on December 8, 2014. Mr. Noor was then appointed his current pro bono counsel, Sam Alba, on March 4, 2015. At a status conference on April 27, 2015, the district court asked Mr. Alba if he "wanted time to file a supplemental or amended petition as counsel for Mr. Noor." Mr. Alba responded that he believed the Original Petition was not "adequate" and that he "need[ed] an opportunity to try and put some substance to it." The State did not object and the district court granted leave to amend the Original Petition.
 

 ¶13 Mr. Noor filed his amended petition (Amended Petition) on August 28, 2015-more than a year and seven months after the PCRA's statute of limitations had run. The
 Amended Petition omitted all three claims for relief listed in the Original Petition. In their place, Mr. Noor asserted a per se ineffective assistance of counsel claim for his counsel's alleged failure to "seek a competent interpreter for Mr. Noor at trial." He also alleged three other grounds for ineffective assistance of counsel, asserting that his counsel was ineffective in (1) failing to carry out his "obligation to make sure that Mr. Noor understood what was happening at trial,"(2) "not let[ting] Mr. Noor aid in his own defense prior to trial"; and (3) "failing to advise Mr. Noor of the risk of deportation if a jury found him guilty."
 

 ¶14 The State filed a motion for summary judgment seeking to dismiss all of Mr. Noor's allegations in the Amended Petition on the basis that, in addition to other grounds, they were time-barred under the PCRA's one-year statute of limitations and did not relate back to the claims in the Original Petition. In response, Mr. Noor did not dispute that the Amended Petition was filed after the one-year deadline, but instead argued that the amendments should be deemed timely because the district court, pursuant to its authority, granted him leave to amend the Original Petition at the status conference. Alternatively, he argued that the claims in the Amended Petition related back to the claims in the Original Petition.
 

 ¶15 The district court disagreed with Mr. Noor on both arguments. The court first rejected his argument that the court's grant of leave to amend excused him from the PCRA's one-year time bar, noting that when it had granted leave to Mr. Noor's counsel at the status conference "the limitations period was not raised by the parties or addressed [by] the Court." The court further stated that "even if the statute of limitations issue would have been raised, it is doubtful that the Court had any authority to extend the limitations period at the time of the status conference" because "the legislature has sharply restricted a district court's ability to consider an untimely petition for postconviction relief."
 

 ¶16 The court also rejected Mr. Noor's alternative argument-that the claims raised in the Amended Petition related back to the Original Petition. The court determined that amendments to post-conviction petitions are governed by rule 15(c) of the Utah Rules of Civil Procedure -so that in order for a new claim filed after the one-year bar to be declared timely "the new claim must 'ar[i]se out of the conduct, transaction, or occurrence set forth ... in the original pleading." The court then held that "even the most liberal reading of the allegations in the Original and Amended Petition cannot sustain a reasonable inference that the claims in the Amended Petitions arise from the same factual allegations as the claims in the Original Petition." The district court therefore granted summary judgment in favor of the State and dismissed all of the claims raised by Mr. Noor in the Amended Petition.
 

 ¶17 Mr. Noor timely appealed the district court's decisions and the court of appeals certified this case to us. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(b).
 

 Standard of Review
 

 ¶18 Mr. Noor effectively raises two issues on appeal: (1) whether the relation-back doctrine provided in rule 15(c) of the Utah Rules of Civil Procedure must be satisfied when a petitioner amends his or her PCRA petition after the expiration of the one-year statute of limitations set forth in Utah Code section 78B-9-107(1) ; and, (2) if so, whether the district court erred in dismissing the claims raised in Mr. Noor's Amended Petition on the ground that they did not relate back to the claims in his Original Petition. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law."
 
 [11]
 
 Similarly, "[w]e review the district court's decision to grant summary judgment for correctness, granting no deference to the [district] court."
 
 [12]
 
 We likewise have held that "[a] district court's interpretation of a statute
 is a question of law, which we also review for correctness."
 
 [13]
 

 Analysis
 

 ¶19 On appeal, Mr. Noor first argues that the district court erred in holding that it lacked authority to allow him to add new claims to his Original Petition after the one-year statute of limitations had run. He argues that both the PCRA and Rule 65C of the Utah Rules of Civil Procedure
 
 [14]
 
 grant the court discretion to allow amended PCRA petitions even when they raise claims unrelated to claims filed in a petitioner's original petition, and even after the statute of limitations in section 78B-9-107(1) has expired. He further argues that the district court has sufficient discretion to allow new claims in PCRA petitions, even when the new claims fail to satisfy rule 15(c) 's relation-back test.
 
 [15]
 

 ¶20 But Mr. Noor fails to account for language within the PCRA which explicitly states that the rules of civil procedure apply. He likewise ignores our recent case,
 
 Gordon v. State
 
 ,
 
 [16]
 
 where we held that rule 7(e) is implicitly incorporated into rule 65C. Additionally, as noted by the district court, amendments made to both the PCRA and Rule 65C show that district courts' discretion to grant time-barred petitions has been restricted. Accordingly, we hold that the district court correctly concluded it lacked discretion to allow new claims that do not meet rule 15(c) 's relation-back test after the limitations period had run.
 

 ¶21 In the alternative, Mr. Noor argues that even if the district court lacked authority to allow the new claims raised in the Amended Petition, these new claims satisfy rule 15(c) 's relation-back test. He asserts that his Original Petition contained claims for ineffective assistance of counsel, mentioned the fact that he had trouble understanding English, and noted his cultural background. He argues that these arguments were "the core of [his] amended claims." He also contends that rule 15(c) should be liberally construed given rule 15(a) 's mandate and in light of the fact that he filed his Original Petition pro se. We agree.
 

 ¶22 The district court erred in holding that Mr. Noor's amended claims did not relate back to his Original Petition. The allegations raised in his Amended Petition did not involve "new and different cause[s] of action," which are prohibited under our relation-back jurisprudence.
 
 [17]
 
 Instead, the amendments merely expanded the claims Mr. Noor pled in his Original Petition. We reverse on this ground.
 

 I. The District Court Correctly Held That It Did Not Have Discretion to Allow an Amendment to Mr. Noor's PCRA Petition Filed After the One-Year Statute of Limitations Unless the Amendment Met the Relation-Back Test of Rule 15(c)
 

 ¶23 Mr. Noor first argues that the district court had sufficient discretion to allow him to amend his PCRA petition after the statute of limitations had expired, regardless of whether his allegations in the Amended Petition related back to the Original Petition under rule 15(c). Specifically, he asserts that rule 65C exclusively governs PCRA petitions, and amendments to petitions, and that rule 15(c) does not apply to PCRA amendments filed after the one-year statute of limitations, because rule 65C makes no mention of rule 15(c). For support, he points to language within the PCRA, which states that "[p]rocedural provisions for filing and commencement of a petition are found in Rule 65C, Utah Rules of Civil Procedure."
 
 [18]
 
 According to Mr. Noor, this language
 indicates that the legislature intended rule 65C to exclusively govern PCRA claims.
 

 ¶24 He also points to two provisions within rule 65C that deal with amendments to PCRA petitions. First, he points to subsection (h)(3), which provides that when a claim is "deficient due to a pleading error or failure to comply with the requirements of [ rule 65C ], the court shall return a copy of the petition with leave to amend within 21 days," and that the "court may grant one additional 21-day period to amend for good cause shown."
 
 [19]
 
 Mr. Noor argues that "[t]his provision places no restriction on the claims that may be raised in the amended petition" and "does not suggest that such claims must be the same or relate back to the original petition." Second, he cites subsection (k), which sets out the requirements for answers and other responses and states that "[n]o further pleadings or amendments will be permitted unless ordered by the court."
 
 [20]
 
 He asserts that "[t]his provision leaves it within the trial court's discretion as to whether to allow amended PCRA petitions." Accordingly, Mr. Noor believes these two provisions show that the trial court has discretion when determining whether to allow a petitioner to file an amended petition, "even if it raises new claims and even after the statute of limitations has expired."
 

 ¶25 In response, the State argues the district court correctly concluded that amended petitions filed after the statute of limitations are subject to rule 15(c). It asserts that while rule 65C generally governs PCRA petitions, "when rule 65C does not specifically address a procedural issue, the remainder of the rules of civil procedure govern." In support, the State cites to language in section 78B-9-102(1)(a), which provides that "[p]roceedings under [the PCRA] are civil and are governed by the rules of civil procedure." The State also argues that while rule 65C does contain provisions governing amended petitions, these provisions are silent on whether claims are time barred when raised in an amended petition that falls outside of the PCRA's statute of limitations. We agree with the State on this point.
 

 ¶26 The district court correctly held that, for several reasons, PCRA petitions are governed by rule 15 of the Utah Rules of Civil Procedure. First, the language of the PCRA supports this conclusion. Section 78B-9-102 provides in relevant part:
 

 This chapter establishes the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal except as provided in Subsection (2). This chapter replaces all prior remedies for review, including extraordinary or common law writs.
 
 Proceedings under this chapter are civil and are governed by the rules of civil procedure. Procedural provisions for filing and commencement of a petition are found in Rule 65C, Utah Rules of Civil Procedure
 
 .
 
 [21]
 

 As shown above, the legislature expressly stated that the rules of civil procedure will govern "[p]roceedings" in PCRA claims. Although the statute provides that "[p]rocedural" requirements to PCRA petitions are "found in Rule 65C," this line cannot be read in isolation. When both provisions are read together, it appears the legislature intended PCRA claims to be governed by all of the rules of civil procedure and that a court should make "procedural" departures from the rules only when expressly called for in rule 65C. Because rule 65C does not explicitly address new claims in amended petitions filed after the one-year statute of limitations, other rules of civil procedure, including rule 15(c), should be used to fill in the gaps.
 

 ¶27 Second, our caselaw supports an incorporation of rule 15(c) into rule 65C. Recently, in
 
 Gordon v. State
 
 , we reviewed a district court's failure to allow a PCRA petitioner an opportunity to reply to the State's response to his petition.
 
 [22]
 
 After reviewing the petitioner's motion for reconsideration on this matter, the district court denied the petitioner's motion on the ground that "the PCRA does not explicitly give a petitioner a right to
 reply to a response by the State."
 
 [23]
 
 On appeal, we held that, even absent such explicit language, the petitioner had a right to file a reply under the PCRA pursuant to the rules of civil procedure.
 
 [24]
 
 Specifically, we stated that "[c]ivil rule 65C(k) does not expressly call for a reply, but we find such a right incorporated in rule 7(e)" and that " rule 65C 's reference to disposition by 'hearing or otherwise' [was] an incorporation of other rules of civil procedure."
 
 [25]
 

 ¶28
 
 Gordon
 
 may very well signal an express adoption of "other rules of civil procedure" into the PCRA by this court. At a minimum, our holding in
 
 Gordon
 
 shows our willingness to use "other rules of civil procedure" to answer questions raised by the text of rule 65C. We expressed no reservation in incorporating rule 7(e) into rule 65C, despite the lack of any express language indicating that we should. Incorporating rule 15(c) into rule 65C for claims in amended petitions filed after the one-year deadline therefore is consistent with our jurisprudence.
 

 ¶29 Finally, amendments to the PCRA and rule 65C support the district court's reading of rule 65C to include rule 15(c) 's relation-back test. In 2008, the legislature substantially altered the language and structure of the PCRA. Prior to 2008, the PCRA was considered only "a substantive legal remedy" for a petitioner challenging a conviction or sentence.
 
 [26]
 
 After 2008, the legislature reformed the PCRA to make it the "sole legal remedy" for such challenges.
 
 [27]
 
 We noted that these changes to the PCRA worked to limit our courts' ability to review the merits of statutorily-barred petitions.
 
 [28]
 

 ¶30 The most important of these amendments, for the purposes of this case, was the removal of an explicit exception to the one-year time bar under the PCRA. The pre-2008 PCRA expressly permitted a district court to excuse the one-year time bar if justice required: "If the court finds that the interests of justice require, a court may excuse a petitioner's failure to file within the time limitations."
 
 [29]
 
 The 2008 amendment to the PCRA removed this "interests of justice" exception entirely and instead replaced it with three limited circumstances where the limitations period would be tolled: when "the petitioner was prevented from filing a petition" (1) "due to state action in violation of the United States Constitution"; (2) "due to physical or mental incapacity"; or (3) "due to force, fraud, or coercion."
 
 [30]
 

 ¶31 The removal of the "interests of justice" exception in the 2008 PCRA amendments curtailed a district court's discretion to review time-barred PCRA petitions. Instead of granting a district court discretion to allow a petitioner to file a late claim where the court believed that the interests of justice require, the legislature limited the court's ability to allow time-barred petitions to three specific circumstances. The legislature therefore effectively limited the district court's broad discretion in hearing time-barred petitions. And by removing the interests of justice exception, along with the common law writs for post-conviction relief, the legislature indicated its intent that the PCRA, and its limitations period, be strictly followed.
 

 ¶32 In light of these changes, it seems highly unlikely that the legislature intended
 to grant a district court complete discretion to hear what would otherwise be time-barred claims in amended petitions filed after the limitations period had expired. Such a reading would undermine these amendments to the PCRA-a petitioner could simply rely on the broad discretion of the district court by amending its original petition and asserting new claims instead of filing a new petition that would ultimately be barred. Accordingly, holding that district courts do not have discretion to review new claims in amended petitions, unless these claims relate back to a claim filed in a timely original petition, gives effect to these amendments.
 

 ¶33 Amendments to rule 65C further illustrate that a district court's discretion to review barred claims under the PCRA has been statutorily curtailed. In 2009, this court amended rule 65C of the Utah Rules of Civil Procedure.
 
 [31]
 
 Prior to these amendments, rule 65C permitted a petitioner to file, in addition to claims asserted in the original petition, "[a]dditional claims relating to the legality of the conviction or sentence" when "good cause [is] shown."
 
 [32]
 
 This exception was removed by the 2009 amendments. The advisory committee notes state that this was done to "embrace Utah's Post-Conviction Remedies Act as the law governing post-conviction relief,"
 
 [33]
 
 or, in other words, to give effect to the PCRA's statement that it is the "sole legal remedy" for post-conviction relief. We therefore removed the good cause exception from rule 65C to embrace the changes made to the PCRA that limited a district court's discretion for review of time-barred petitions. Removing the "good cause" exception in rule 65C therefore illustrates our intention to align our rules with the amended PCRA and thus shows our intention to strictly enforce its one-year statute of limitations. Because district courts' discretion was also limited by rule 65C, it follows that the district court does not have broad discretion to review new claims in amended petitions after the limitations period has expired.
 

 ¶34 Here, Mr. Noor argued to the district court that it had authority to review the claims in the Amended Petition without engaging in a relation-back analysis and that it had granted Mr. Noor leave to amend pursuant to that authority at the status conference. The district court determined, however, that it could not review the merits of Mr. Noor's claims in the Amended Petition unless those claims satisfied the relation-back test set forth in rule 15(c). In its memorandum decision, the court stated that it was "doubtful that the Court had any authority to extend the limitations period at the time of the status conference," reasoning that, through the amendments to the PCRA, "the legislature has sharply restricted a district court's ability to consider an untimely petition for post-conviction relief." Because of this restriction, the court concluded that "it does not appear that the Court had authority to extend the limitations period when it granted Mr. Noor's leave to amend the Original Petition." This conclusion was correct.
 

 ¶35 As stated above, the amendments to the PCRA and rule 65C work to restrict a district court's discretion to hear time-barred petitions. Of course, this restriction would likewise extend to a court's ability to hear amended petitions after the limitations period has run. Otherwise, the amendments would be useless, as petitioners would merely amend their original petitions in order to bring new time-barred claims before the court. So the district court correctly held it was precluded from reviewing the merits of the Amended Petition unless the claims listed therein satisfied rule 15(c) 's relation-back test.
 
 [34]
 

 ¶36 Accordingly, because the language of the PCRA, our caselaw, and the amendments to the PCRA and rule 65C support the district court's application of rule 15(c) in this case, we hold that the district court correctly concluded that it did not have discretion to review Mr. Noor's claims in his Amended Petition unless the claims related back to the claims in the Original Petition under rule 15(c).
 

 II. The PCRA's Statute of Limitations Did Not Bar Mr. Noor's Claims in His Amended Petition Because These Claims Relate Back To His Original Petition
 

 ¶37 Having established that rule 15(c) applies to PCRA petitions, we now turn to whether the district court erred in determining that Mr. Noor's claims in his Amended Petition did not relate back to his Original Petition. We hold that the court erred by applying an overly-narrow interpretation of rule 15(c) 's relation-back test. The proper test under Utah law is whether, under a liberal reading, the amended pleading imports "a new and different cause of action" or whether the amended pleading merely "expands or modifies" the same causes of action originally pled. Because Mr. Noor's Amended Petition permissibly expands upon the cause of action (ineffective assistance of counsel) he pled in the Original Petition, we hold that his claims in the Amended Petition relate back to the date his Original Petition was filed and therefore are not barred by the PCRA's statute of limitations.
 

 ¶38 Under Utah law, when "a new claim relates back to the date of the original pleading, a party may include it even when the statute of limitations has otherwise run on that claim."
 
 [35]
 
 Rule 15(c) of the Utah Rules of Civil Procedure governs when a claim "relates back."
 
 [36]
 
 It provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading."
 
 [37]
 
 Thus, in order for his claims in the Amended Petition to survive, Mr. Noor must show that they originated out of the same "conduct, transaction, or occurrence" set out (or attempted to be set out) in the Original Petition.
 

 ¶39 While this court has never explicitly defined the meaning of the terms "conduct, transaction, or occurrence," we have consistently held that, for purposes of rule 15(c), claims in an amended pleading relate back to the date of the original pleading when the "amendment ... does not import into a case a new and different cause of action"
 
 [38]
 
 and "does not introduce a substantially new issue."
 
 [39]
 

 ¶40 But this does not mean that an amended pleading cannot relate back when the amendment differs from the original pleading. Relation back is proper under rule 15(c)"[w]here the amendment ... expands or amplifies what is alleged in the original [pleading], even though imperfectly, in support of the cause of action."
 
 [40]
 
 In fact, we have stated that a pleading may relate back even when the amendment provides an additional ground for the same claim resulting from the same injury.
 
 [41]
 
 Thus, when the issue presented in the amendment is sufficiently related to the issue presented in the first claim so as to be reasonably construed as an expansion or modification of the first claim, rule 15(c) is satisfied.
 

 ¶41 Prohibiting new causes of action, while at the same time permitting expansions and modifications in amendments, gives effect to rule 15(c) 's general purpose. Rule 15"provides liberally for [the] amendment of pleadings and supplemental pleadings to the end that litigation may be disposed of on the merits."
 
 [42]
 
 In this vein,
 rule 15(c)"allows a plaintiff to cure defects in his or her original complaint despite the intervening running of a statute of limitations."
 
 [43]
 
 This means that we will liberally construe amendments to pleadings when conducting our relation-back analysis in order to "permit[ ] a complete adjudication of the matters in controversy."
 
 [44]
 
 This is especially true "where there is reasonable ground for holding that the amendment is an amplification of allegations already stated."
 
 [45]
 

 ¶42 Additionally, "[t]he rationale of ... Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide."
 
 [46]
 
 So analysis under rule 15 also typically involves an "inquir[y] into whether the opposing party has been put on notice regarding the [amended] claim."
 
 [47]
 
 This means that an amended pleading may relate back as long as the parties in an action have been reasonably put on notice of the new claims before the statute of limitations has expired.
 
 [48]
 
 This is done to "safeguard the rights of the other party to have a reasonable time to meet a new issue if he so requests."
 
 [49]
 
 Accordingly, rule 15(c) works to "strike a balance between the policy of deciding a case on its merits and allowing a party to enjoy the benefits [ (notice) ] of the statute of limitations."
 
 [50]
 

 ¶43 Below, the district court did not rely on our caselaw in its rule 15(c) determination. Instead, it relied on federal law interpreting rule 15(c) 's relation-back test.
 
 [51]
 
 Citing
 
 Mayle v. Felix
 
 ,
 
 [52]
 
 the court held that a new pleading relates back under rule 15(c) only when both "the original and [new claims] are tied to a common core of operative facts."
 
 [53]
 
 The court reasoned that the new claims in the Amended Petition did not arise from the same factual allegations as the Original Petition, noting that "[w]hile the Original Petition does mention Mr. Noor's difficulty speaking and understanding English, the Original Petition does not discuss any problems with the interpreters at trial or in Mr. Noor's communication with counsel." And it explained that "the Original Petition only alludes to Mr. Noor's difficulty with the English language in connection with the claim that Mr. Noor could not have formed the intent necessary to have committed the underlying crimes." Operating under this standard, the court concluded that "it cannot reasonably be inferred that the allegations and claims in the Amended Petition are based on the same operative facts and claims as the Original Petition."
 

 ¶44 Mr. Noor claims this was error. He asserts that the district court should have
 interpreted rule 15(c) more liberally because he filed his petition pro se and rule 15(a) provides that courts "should freely give permission" to parties to amend their pleadings "when justice requires."
 
 [54]
 
 He additionally argues that the district court's narrow interpretation of a "transaction" or "occurrence" under rule 15(c) in this circumstance would "hobbl[e] counsel" and would unfairly harm "poor prisoners who need appointed counsel," but do not receive counsel until after the limitations period has run.
 
 [55]
 

 ¶45 Alternatively, he argues that his claims in the Amended Petition relate back even if
 
 Mayle
 
 does reflect the relation-back test under Utah law. Specifically, he contends that his claims in both the Original and Amended Petitions arise from a common core of operative facts because the "lack of English Fluency and his counsel's failure to adequately address this language barrier is the
 
 core
 
 of the ineffective assistance of counsel claims in his original and amended petition." He therefore claims that had the district court construed the factual allegations in his Original Complaint liberally, as required under rule 15, it would have allowed the amended claims to be heard.
 

 ¶46 Conversely, the State argues that rule 15(c) should be interpreted narrowly. Like the district court, it relies on the majority opinion in
 
 Mayle v. Felix
 
 , which interpreted the federal analog to rule 15(c) to allow relation back only when the claims added by amendment "arise from the same core facts as the timely filed claims," and not when "the new claims depend upon events separate in 'both time and type' " from the original episode.
 
 [56]
 
 The State argues that Mr. Noor's amended claims "shared no common core of operative facts with the claims raised in his original petition." We disagree.
 

 ¶47 While the standard articulated in
 
 Mayle
 
 may be informative,
 
 [57]
 
 as discussed above, we have consistently held that for purposes of rule 15(c) new claims in an amended pleading relate back to the date of the original pleading when the "amendment ... does not import into a case a new and different cause of action,"
 
 [58]
 
 but instead
 "merely expands or amplifies what is alleged in the original [pleading]."
 
 [59]
 
 This means that the cause of action or claim asserted must generally be the same in both pleadings, and the issue presented in the amendment must factually relate to the issue presented in the first pleading.
 
 [60]
 
 We reaffirm this standard as our relation-back test. Thus, an amendment arises out of the same "conduct, transaction, or occurrence" when it arises out of the same cause of action and alleges the same kind of factual basis as the original allegation.
 
 [61]
 
 Under a liberal reading of the Amended Petition, Mr. Noor meets this test.
 

 ¶48 Here, Mr. Noor did not assert a new or different cause of action in his Amended Petition. In his Original Petition, he listed "[d]enial of effective assistance of trial counsel" as the first of three claims for which he believes he was entitled to post-conviction relief. Then, in his Amended Petition, he alleged his trial counsel's ineffectiveness as his sole claim (although with different variations of grounds for that claim) for relief. But in changing the grounds, he did not change the legal theory asserted in his Original Petition, nor did he introduce a substantially different legal issue. He therefore has not
 asserted a new or different cause of action.
 
 [62]
 

 ¶49 But this is not enough to satisfy rule 15(c). Mr. Noor must also show that his amendment may be reasonably construed as an expansion or modification of the original claim brought. In other words, he must show that the factual basis of the amended claim is sufficiently similar to the factual basis of the claim brought in the first case. And he has.
 

 ¶50 Mr. Noor's amended claim, when construed liberally, expands and amplifies the claim brought in the Original Petition. In his Original Petition, he identified several grounds for his ineffective assistance of counsel claim. Specifically, he claimed that his trial counsel was ineffective because, among other reasons, counsel did not "br[ing] to the trial court's attention the fact that [Mr. Noor's] cultural background prevented him from forming the requisite intent," and counsel failed to "br[ing] to the court's attention that [Mr. Noor's] lack of fluency of English impaired his ability to understand the victim's demands that he stop his advances." In his Amended Petition he altered these grounds, alleging that trial counsel was ineffective because counsel "fail[ed] to seek a competent interpreter for Mr. Noor at trial" and failed to "let Mr. Noor aid in his own defense."
 
 [63]
 
 In raising these new grounds, he argued that he "had a difficult time understanding the translation at trial," that he "did not even understand his accuser's testimony against him," and that his counsel "should have ... ma[d]e sure that Mr. Noor understood" both "the police report" and "what was happening at trial ... so that Mr. Noor could aid in his own defense."
 

 ¶51 While the new grounds listed in the Amended Petition are not identical to those in the Original, when read liberally,
 
 [64]
 
 they are sufficiently related to the grounds set forth in the Original. Mr. Noor's focus in his Amended Petition on counsel's failure to obtain a competent translator and failure to ensure Mr. Noor understood those speaking at trial can be reasonably construed as an expansion of his allegation in the Original Petition that his counsel was ineffective in failing to alert the court to his lack of fluency of English. Mr. Noor's claim in the Original Petition focused on trial counsel's failure to present an adequate defense on his behalf, a defense that hinged in large part on his inability to understand English and upon his cultural differences. In his Amended Petition, he expanded upon this factual basis, arguing that his counsel should have secured competent interpreters so that he could effectively defend against the allegations he faced. The State was therefore placed on notice that Mr. Noor was alleging ineffective assistance of counsel based upon counsel's failure to appreciate and highlight Mr. Noor's inability to understand English. Because Mr. Noor's amended claim, when construed liberally, is reasonably related to the claim he asserted in the Original Petition, it relates back for purposes of rule 15(c).
 

 ¶52 The dissent believes that the claim Mr. Noor raised in his Amended Petition did not arise out of the conduct, transaction, or occurrence alleged in the Original Petition. Instead,
 it contends that Mr. Noor's new claims "arose from an occurrence that was 'distinct in time and place' from that alleged in the [original] petition" and dealt with a different "actor."
 
 [65]
 
 We disagree. In both petitions, Mr. Noor alleged that his trial counsel was ineffective
 
 at trial
 
 for failing to argue the significance of his inability to understand English. In other words, Mr. Noor alleged in both petitions the same actor (his trial counsel), the same cause of action (ineffective assistance of counsel), the same time and place (his trial), and the same grounds for his cause of action (his inability to understand English). His amended claim was not distinct in time, place, or actor. So even under the dissent's proposed standard Mr. Noor's claims survive.
 

 ¶53 Further, the dissent completely fails to take into account the full language of rule 15(c). Rule 15(c) states that not only will an amendment relate back to the date of the original pleading when the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading, but that an amendment will also relate back when the claim asserted "arose out of the conduct, transaction, or occurrence ...
 
 attempted to be set out
 
 ... in the original pleading."
 
 [66]
 
 The dissent does not adequately account for this language in its opinion.
 
 [67]
 
 But this language is as much a part of the rule as the "set out" language the dissent relies upon for its argument. The inclusion of the words "attempted to be set out" suggests that a party need not perfectly set out the conduct, transaction, or occurrence at issue in the original complaint, but must show only that the conduct, transaction, or occurrence referenced in the original petition was an attempt to set out the occurrence pled in the amended petition. In other words, the language of rule 15(c) itself requires a liberal reading of an amendment.
 

 ¶54 Here, Mr. Noor clearly "attempted to ... set out" that his counsel was deficient at trial for failing to present argument based upon his inability to understand English. While the Original Petition may not have perfectly "set out" the conduct, transaction, or occurrence he would later set out in his Amended Petition, it seems a stretch to argue that he (as a pro se litigant who does not understand English) failed to even "attempt to ... set out" the conduct, transaction, or occurrence set forth in his Amended Petition. His Original Petition contained the same actor, the same legal theory, the same time and place, and the same underlying basis for that theory. So when the rule is read in its entirety, Mr. Noor's claim in his Amended Petition relates back.
 

 ¶55 We have repeatedly reinforced this liberal reading requirement. We have stated that " Rule 15 provides liberally for amendment of pleadings and supplemental pleadings to the end that litigation may be disposed of on the merits."
 
 [68]
 
 We have also held that " rule 15 should be interpreted liberally so as to allow parties to have their claims fully adjudicated."
 
 [69]
 
 We have therefore made it clear that we should read both rule 15 and the amendments made thereunder liberally.
 

 ¶56 But the dissent fails to do so. Instead, it reads rule 15(c) strictly, arguing that because Mr. Noor did not specifically affix the fact that he did not understand English to his trial counsel's interaction with himself, but instead affixed it to his interaction with the victim of his crime, he cannot meet rule 15(c) 's standard. In so doing, the dissent contradicts our caselaw and the liberal reading requirement mandated by rule 15 itself.
 
 [70]
 

 ¶57 The dissent also fails to assign any weight to the fact that Mr. Noor is a Somalian immigrant who has difficulty understanding English, that he filed his Original
 Petition pro se, and that, despite his best efforts to alert the court to his inability to read and write in English, he was unable to secure counsel until well after the limitation period had run on his PCRA claim. As mentioned above, we have always been lenient to pro se litigants because of their lack of knowledge of law and procedure.
 
 [71]
 
 We accordingly grant pro se litigants "every consideration that may reasonably be indulged."
 
 [72]
 
 This is particularly true where the party amending the original pleading cannot even understand the language needed to effectively represent him or herself. So under our lenient pro se standard Mr. Noor's new claims should likewise survive.
 

 ¶58 Because a liberal reading of his Amended Petition is mandated by rule 15(c), our caselaw, and Mr. Noor's pro se status, we should not read rule 15(c) in the overly-narrow fashion suggested by the dissent. Instead, we should read it liberally. And under such a reading, his new claims arise out of the conduct, transaction, or occurrence he attempted to set forth in his Original Pleading. His claim therefore relates back to the date of his Original Pleading under rule 15(c).
 
 [73]
 

 ¶59 Accordingly, we remand this case to the district court for further proceedings consistent with our ruling.
 

 Conclusion
 

 ¶60 We hold that rule 15(c) of the Utah Rules of Civil Procedure applies to amended PCRA petitions filed after the one-year limitations period. Both the language of the PCRA and our caselaw support such a reading. Further, the amendments to the PCRA and rule 65C illustrate that a district court's broad discretion to grant amendments to PCRA petitions has been limited. Additionally, we hold that the district court erred in its rule 15(c) determination. Mr. Noor did not allege a different cause of action in his Amended Petition. Rather, when his Amended Petition is viewed liberally, it is clear that he merely expanded on his claim that counsel was ineffective for not presenting argument based on his inability to understand English. We therefore reverse the district court's relation-back determination and remand for proceedings consistent with this opinion.
 

 "In reviewing a jury verdict, we view the evidence and all reasonable inferences drawn therefrom in a light most favorable to the verdict."
 
 State v. Honie
 
 ,
 
 2002 UT 4
 
 , ¶ 2,
 
 57 P.3d 977
 
 (citation omitted). While here we are asked to review a district court's denial of post-conviction relief, and not a jury verdict, we view the facts through the same lens.
 

 State v. Noor
 
 ,
 
 2012 UT App 187
 
 ,
 
 283 P.3d 543
 
 .
 

 Id
 
 . ¶ 4.
 

 Id.
 
 ¶ 6.
 

 Id.
 

 Id
 
 . ¶ 7.
 

 Id
 
 .
 

 Id
 
 . ¶ 8.
 

 State v. Noor
 
 ,
 
 288 P.3d 1045
 
 (Table) (Utah 2012),
 
 2012 WL 5544861
 
 .
 

 See
 
 Utah Code § 78B-9-107(1).
 

 Taylor v. State
 
 ,
 
 2012 UT 5
 
 , ¶ 8,
 
 270 P.3d 471
 
 (citation omitted).
 

 Alliant Techsystems, Inc. v. Salt Lake Cty. Bd. of Equalization
 
 ,
 
 2012 UT 4
 
 , ¶ 17,
 
 270 P.3d 441
 
 (citation omitted) (second alteration in original).
 

 Id.
 

 Rule 65C sets forth the procedural rules that "govern[ ] proceedings in all petitions for post-conviction relief filed under the Post-Conviction Remedies Act." Utah R. Civ. P . 65C(a).
 

 Rule 15(c) of the Utah Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading."
 

 2016 UT 11
 
 , ¶ 39 n. 17,
 
 369 P.3d 1255
 
 .
 

 See
 

 Behrens v. Raleigh Hills Hosp., Inc.
 
 ,
 
 675 P.2d 1179
 
 , 1182 (Utah 1983).
 

 Utah Code § 78B-9-102(1)(a).
 

 Utah R. Civ. P . 65C(h)(3).
 

 Id.
 

 65C(k).
 

 Utah Code § 78B-9-102(1)(a) (emphasis added).
 

 2016 UT 11
 
 ,
 
 369 P.3d 1255
 
 .
 

 Id.
 
 ¶ 8.
 

 Id.
 
 ¶ 39.
 

 Id.
 

 ¶ 39 nn. 17-18.
 

 Utah Code § 78-35a-102 (1996).
 

 Id.
 

 § 78B-9-102(1) (2008).
 

 For example, we have acknowledged that the 2008 amendment "appears to have extinguished our common law writ authority" to review the merits of certain time-barred petitions.
 
 Peterson v. Kennard
 
 ,
 
 2008 UT 90
 
 , ¶ 16 n.8,
 
 201 P.3d 956
 
 ;
 
 see also
 

 Gardner v. State
 
 ,
 
 2010 UT 46
 
 , ¶ 91,
 
 234 P.3d 1115
 
 . While our common law writ authority appears to have been eliminated, we have suggested, although we have not reached the question, that this court may have ongoing constitutional authority to review the merits of such petitions.
 
 See
 

 Winward v. State
 
 ,
 
 2012 UT 85
 
 , ¶ 28,
 
 293 P.3d 259
 
 ;
 
 Gardner
 
 ,
 
 2010 UT 46
 
 , ¶ 93,
 
 234 P.3d 1115
 
 . But because Mr. Noor has not argued that this court has constitutional authority to review the merits of a petition that is time-barred under the PCRA, we offer no opinion on whether such authority exists.
 

 Utah Code § 78-35a-107(3) (1996).
 

 Id.
 

 § 78B-9-107(3) (2016). The third circumstance listed above was not part of the original 2008 amendment but was added later.
 

 The 2009 amendments did not actually take effect until January 2010. However, because the advisory committee notes to rule 65C refer to these amendments as the "2009 amendments," we refer to them in the same manner.
 

 Utah R. Civ. P . 65C(c) (2009).
 

 Utah R. Civ. P . 65C (2010) (advisory committee notes to the 2009 amendments).
 

 Mr. Noor's other arguments in regard to the district court's authority are also unpersuasive. Mr. Noor cites
 
 Gregg v. State
 
 ,
 
 2012 UT 32
 
 ,
 
 279 P.3d 396
 
 , for the notion that our caselaw implies that a district court's authority to allow an amendment under rule 65C also includes the power to allow an untimely filing of a new claim. But no one raised the time-bar argument in
 
 Gregg
 
 and therefore his reliance is misplaced. Likewise, Mr. Noor cites
 
 Benvenuto v. State
 
 ,
 
 2007 UT 53
 
 ,
 
 165 P.3d 1195
 
 , for the same proposition. But
 
 Benvenuto
 
 dealt with a PCRA petition under the pre-2008 PCRA, and we explicitly dismissed the petitioner's claim there because he failed to meet the " 'interests of justice' exception to the PCRA time bar."
 
 Id.
 
 ¶ 27. So
 
 Benvenuto
 
 also does not support Mr. Noor's argument.
 

 James v. Galetka
 
 ,
 
 965 P.2d 567
 
 , 575 (Utah Ct. App. 1998) (Bench, J., concurring);
 
 see also
 

 Wilcox v. Geneva Rock Corp.
 
 ,
 
 911 P.2d 367
 
 , 369 (Utah 1996) ("When the statute of limitations has expired before an amendment to a pleading is made, the amendment must relate back to the date of the original complaint if the amendment is to be effective.").
 

 Utah R. Civ . P. 15(c).
 

 Id.
 

 Behrens v. Raleigh Hills Hosp., Inc.
 
 ,
 
 675 P.2d 1179
 
 , 1182 (Utah 1983).
 

 Meyers v. Interwest Corp.
 
 ,
 
 632 P.2d 879
 
 , 881 & n.2 (Utah 1981). The dissent takes issue with the cases we have relied upon, arguing that this court has never made a ruling on rule 15(c), and so, in its view, the case before us presents a matter of first impression. While we acknowledge that this court has never expressly defined the meaning of the words "conduct, transaction, or occurrence," we certainly have established a standard as it relates to rule 15(c). As Justice Lee notes, in
 
 Behrens
 
 , we explicitly cited to rule 15(c) in holding that an amendment relates back when it "does not import into a case a new and different cause of action."
 
 675 P.2d at 1182
 
 . Similarly, in
 
 Hjorth v. Whittenberg
 
 , we cited to the Utah Rules of Civil Procedure, which had been in existence for two years at that time, for the exact same proposition-that an amendment to a complaint relates back when it "d[oes] not import into the case a new and different cause of action."
 
 121 Utah 324
 
 ,
 
 241 P.2d 907
 
 , 908 (1952). And in
 
 Meyers
 
 , we again spoke of rule 15(c) (although we mistakenly called it rule 15(e), which has never existed) in describing the relation back doctrine. There, we stated that an "amendment is allowed if it does not introduce a substantially new issue" because "[i]f no new issue is involved[,] the notice received ... in the original complaint is deemed sufficient to alert [the defendant] to the need for gathering his evidence and preparing his case."
 
 Meyers
 
 at 881 & n.2. And
 
 Meyers
 
 is a case we have subsequently relied upon in our discussion of rule 15(c).
 
 See
 

 Russell v. Standard Corp
 
 ,
 
 898 P.2d 263
 
 , 265 (Utah 1995) (citing
 
 Meyers
 
 , after quoting the language of rule 15(c), for the proposition that rule 15(c)"allows a plaintiff to cure defects in his or her original complaint despite the intervening running of a statute of limitations"). These cases show that rule 15(c) has been interpreted by this court for many years, so we are not interpreting it here as a matter of first impression.
 

 Peterson v. Union Pac. R.R. Co.
 
 ,
 
 79 Utah 213
 
 ,
 
 8 P.2d 627
 
 , 630 (1932). The dissent argues that our reliance on
 
 Peterson
 
 is misplaced. It first contends that the language in
 
 Peterson
 
 we cite today has no application to the question before us, because
 
 Peterson
 
 was decided before Utah adopted its rules of civil procedure.
 
 See
 

 infra
 
 ¶76 (Lee, A.C.J., dissenting). But the dissent misinterprets our caselaw. While it is true
 
 Peterson
 
 was decided before rule 15(c) was formally adopted in Utah, this court has relied upon
 
 Peterson
 
 for our interpretation of the relation back doctrine under rule 15(c) after its adoption.
 
 See
 

 Behrens
 
 ,
 
 675 P.2d at
 
 1182-83 (citing both rule 15(c) and
 
 Peterson
 
 for the assertion that an amended pleading survives a statute of limitations bar if it does not import into the case "a new or different cause of action" than the original pleading);
 
 Hjorth
 
 ,
 
 241 P.2d at
 
 908 (citing
 
 Hartford Accident & Indemnity Co. v. Clegg
 
 ,
 
 103 Utah 414
 
 ,
 
 135 P.2d 919
 
 , 922 (1943), which in turn cites
 
 Peterson
 
 , in addressing the relation back doctrine under our rules of civil procedure). So we have consistently held that
 
 Peterson
 
 correctly reflects our relation back standard under rule 15(c).
 

 The dissent also contends that we incorrectly state the "operative legal test" in
 
 Peterson
 
 , and so our opinion, in its view, "finds no footing in the
 
 Peterson
 
 opinion."
 
 See
 

 infra
 
 ¶74 (Lee, A.C.J., dissenting). Specifically, it states that the legal test set forth by the
 
 Peterson
 
 court did not focus on whether the amended pleading invoked a new or different cause of action or whether the amendment merely expanded or amplified what was alleged in the original complaint. We are perplexed by this assertion. In determining whether Mr. Peterson's amended complaint related back to the date of the original complaint, we expressly defined the legal question in the case: "[t]he question ... is whether or not the amended complaint states a new or different cause of action so that the limitation intervenes and cuts off the right."
 
 Peterson
 
 ,
 
 8 P.2d at 630
 
 . We provided that "[i]t is well established that a new or different cause of action may not be alleged under the guise of an amendment, ... and also that an amendment which does not set up a new cause of action relates back to the commencement of the action."
 

 Id.
 

 (citation omitted). We continued by stating that "[w]hen a cause of action set forth in an amended pleading is new, different, and distinct from that originally set up, there is not relation back, and the amendment is the equivalent to the filing of a new action," but "[w]here the amendment merely expands or amplifies what is alleged in the original complaint, even though imperfectly, in support of the cause of action, it is properly allowed."
 

 Id.
 

 And in our conclusion, we stated that "[w]hen we compare the amendment with the original complaint in the light of the foregoing rules, we think there is such an identity of the cause of action as justifies us in holding that the amendment does not state a
 
 new or different cause of action
 
 , and therefore the limitation of time has not run against the cause of action stated therein."
 

 Id.
 

 (emphasis added). Clearly the operative test in
 
 Peterson
 
 was whether an amended pleading set forth a new cause of action or whether it was merely an expansion of the original claim. And the fact that the
 
 Peterson
 
 court admitted that this test is sometimes difficult to apply does not, as the dissent suggests, mean that the court invoked a different test. So
 
 Peterson
 
 does support our holding today.
 

 See
 

 Behrens
 
 ,
 
 675 P.2d at 1182
 
 ("Even the setting forth of 'an additional ground of negligence as the cause of the same injury' is not a new cause of action." (citation omitted) ).
 

 Behrens
 
 ,
 
 675 P.2d at 1182
 
 (citation omitted);
 
 see also
 

 Peterson
 
 ,
 
 8 P.2d at 630
 
 ("[A] pleading should be liberally construed with a view to substantial justice between the parties.");
 
 Johnson v. Brinkerhoff
 
 ,
 
 89 Utah 530
 
 ,
 
 57 P.2d 1132
 
 , 1136 (1936) (holding that the relation back doctrine works "toward liberality in allowance of amendments to pleadings for the purpose of permitting a complete adjudication of the matters in controversy and in furtherance of justice") (
 
 overruled on other grounds by statue as stated in
 

 Allred v. Educators Mut. Ins. Ass'n of Utah
 
 ,
 
 909 P.2d 1263
 
 (Utah 1996) ).
 

 Donjuan v. McDermott
 
 ,
 
 2011 UT 72
 
 , ¶ 14,
 
 266 P.3d 839
 
 (quoting
 
 Russell v. Standard Corp.
 
 ,
 
 898 P.2d 263
 
 , 265 (Utah 1995) ).
 

 Johnson
 
 ,
 
 57 P.2d at 1136
 
 .
 

 Peterson
 
 ,
 
 8 P.2d at 630
 
 .
 

 2010-1 RADC/CADC Venture, LLC v. Dos Lagos, LLC
 
 ,
 
 2017 UT 29
 
 , ¶ 18,
 
 408 P.3d 313
 
 (citation omitted).
 

 6A Charles Alan Wright et al.,
 
 Federal Practice & Procedure
 
 § 1497 (3d ed. 2010).
 

 Cheney v. Rucker
 
 ,
 
 14 Utah 2d 205
 
 ,
 
 381 P.2d 86
 
 , 91 (1963) ("What [parties] are entitled to [under our rules] is notice of the issues raised and an opportunity to meet them. When this is accomplished, that is all that is required.").
 

 Id
 
 .
 

 Dos Lagos
 
 ,
 
 2017 UT 29
 
 , ¶ 18,
 
 408 P.3d 313
 
 .
 

 The dissent's opinion likewise suffers from this same shortcoming. Although the dissent argues extensively that our caselaw does not support the legal standard we articulate today, it does not make any attempt to square its own proposed standard with that caselaw. Instead, the dissent eschews the standard we have employed for nearly seventy years-since the codification of rule 15(c) in 1950-in favor of a federal standard that did not exist, even in federal courts, at the time of the rule's adoption.
 

 545 U.S. 644
 
 ,
 
 125 S.Ct. 2562
 
 ,
 
 162 L.Ed.2d 582
 
 (2005).
 

 Id.
 

 at 664
 
 ,
 
 125 S.Ct. 2562
 
 .
 

 See
 
 Utah R. Civ. P . 15(a).
 

 See
 

 Mayle
 
 ,
 
 545 U.S. at 675-76
 
 ,
 
 125 S.Ct. 2562
 
 (Souter, J., dissenting).
 

 Id.
 

 at 656-57
 
 ,
 
 125 S.Ct. 2562
 
 (citation omitted).
 

 In
 
 Mayle
 
 , a majority of the United States Supreme Court rejected the Seventh and Ninth Circuits' interpretation of "conduct, transaction, or occurrence" as meaning the new claim must stem from the same "trial, conviction, or sentence," and adopted the rule in the majority of jurisdictions that interpret the language of rule 15(c) of the Federal Rules of Civil Procedure as allowing relation back "only when the claims added by the amendment arise from the same core facts as the timely filed claims."
 
 545 U.S. at 657
 
 ,
 
 125 S.Ct. 2562
 
 . We have not expressly adopted the "common core of operative facts" provision from
 
 Mayle
 
 and we do not do so here. While we have stated that "[i]nterpretations of the Federal Rules of Civil Procedure are persuasive where the Utah Rules of Civil Procedure are 'substantially similar,' "
 
 Tucker v. State Farm Mut. Auto. Ins. Co.
 
 ,
 
 2002 UT 54
 
 , ¶ 7 n.2,
 
 53 P.3d 947
 
 , we have not stated that such interpretations are dispositive. Because it is well established in our caselaw that we look to the cause of action, and whether, under a liberal reading, the amendment can be said to expand or modify the original cause of action stated, there is no need to import this interpretation into our caselaw.
 

 Behrens
 
 ,
 
 675 P.2d at 1182
 
 . The dissent asserts that
 
 Behrens
 
 does not support the standard we articulate today. Specifically, it argues the
 
 Behrens
 
 court did not endorse a standard that focuses on whether the cause of action in the amended pleading is generally the same as in the original pleading in order for an amendment to relate back.
 
 See
 

 infra
 
 ¶79 (Lee, A.C.J., dissenting). But that is exactly what
 
 Behrens
 
 said. There, the defendant argued that "the claim for punitive damages is a
 
 new claim
 
 for relief that is barred by the statute of limitations."
 
 675 P.2d at 1182
 
 (emphasis added). Rather than dismiss the defendant's argument for failing to focus on the "correct" legal standard, as the dissent suggests it did, the court clearly accepted this test as the operative legal test for relation back under rule 15(c), holding that "an amendment to include damages does not
 
 import into a case a new and different cause of action
 
 ."
 

 Id.
 

 (emphasis added). It then went on to note that even the setting forth of "an additional ground of negligence as the cause of the same injury is not a
 
 new cause of action
 
 ."
 

 Id.
 

 (emphasis added) (internal quotation marks omitted). And because it concluded that the punitive damages claim was not a new or different cause of action than the one asserted in the original pleading, it held that the statute of limitations did not apply.
 

 Id.
 

 So contrary to what the dissent argues, the
 
 Behrens
 
 court did focus on whether the amended complaint asserted a new or different cause of action, or whether it instead merely asserted the same cause of action.
 

 The dissent also asserts that the operative test provided by the
 
 Behrens
 
 court was whether the proposed amendment to the complaint "raise[s] no new legal issues" and "does not refer to new or different acts of misconduct."
 
 Infra
 
 ¶78 (Lee, A.C.J., dissenting) (quoting
 

 id.
 

 ). But the
 
 Behrens
 
 court looked only at whether there were different acts of misconduct for purposes of the notice of intent to sue, a prerequisite to sue a healthcare provider under the predecessor to Utah Code section 78B-3-412. That statute states that a plaintiff must provide a healthcare provider with notice that he or she intends to sue 90 days before commencing a formal action. As part of this requirement, a plaintiff must include within the notice "specific allegations of misconduct on the part of the prospective defendant." Utah Code § 78B-3-412(2)(e). In
 
 Behrens
 
 , the defendant argued, in addition to his rule 15(c) argument, that the plaintiff had failed to satisfy the statutory notice of intent to sue requirement. It was only in reviewing this second argument that the court stated that "[t]he proposed amendment to the complaint does not refer to new or different acts of misconduct."
 
 Behrens
 
 ,
 
 675 P.2d at 1183
 
 . So the court's focus on the "misconduct" asserted in the original complaint pertained only to the notice requirement under the Utah Code, not rule 15(c). The "misconduct" standard the dissent relies upon from
 
 Behrens
 
 was not the operative legal standard for rule 15(c).
 

 Peterson
 
 ,
 
 8 P.2d at 630
 
 .
 

 See, e.g.,
 

 Dos Lagos
 
 ,
 
 2017 UT 29
 
 , ¶ 18,
 
 408 P.3d 313
 
 ("Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." (citation omitted) );
 
 Johnson
 
 ,
 
 57 P.2d at 1137
 
 (holding that relation back was proper when the plaintiffs changed the instrument it relied upon for its water right claim from a contract to a deed in the amended petition because "[b]oth pleadings relate to the same subject-matter [ (water) ], the same transaction, and damages for the same wrong.").
 

 The dissent takes issue at length with the language we invoke in our articulation of the relation back standard-particularly with our assertions that rule 15(c) requires the issue presented in the amendment to be "based on factual allegations that 'expanded upon the factual basis' of the original pleading."
 
 See
 

 infra
 
 ¶68 (Lee, A.C.J., dissenting). In the dissent's view, our standard is "incompatible" with the text of Rule 15(c).
 
 Infra
 
 ¶69 (Lee, A.C.J., dissenting). So, in order to avoid our "fuzzy standard,"
 
 Infra
 
 ¶99 (Lee, A.C.J., dissenting), the dissent chooses to "focus on the factual circumstances giving rise to the claim,"
 
 infra
 
 ¶105 (Lee, A.C.J., dissenting), and endorse a line of federal cases holding that "relation back is allowed 'only when the claims added by amendment arise from the same core of facts as the timely filed claims.' "
 
 Infra
 
 ¶¶94 (Lee, A.C.J., dissenting) (citation omitted). But the dissent has essentially endorsed the same standard we set forth today. There is little, if any, distinction between requiring an amendment to "allege[ ] the same kind of factual basis as the original petition" and requiring that the amendment "arise from the same core of facts." This is just a preference in word choice. Both standards contain the same requirement that we focus on the factual circumstances giving rise to the claim.
 

 Here, Mr. Noor has asserted the same core fact in both his Petitions-that his counsel failed to present argument based on his inability to understand English. The dissent parses this fact further, drawing a distinction between how counsel's failure to argue that Mr. Noor's inability to understand English affected his interactions with the victim, as opposed to his interactions with his counsel.
 
 Infra
 
 ¶¶64-65 (Lee, A.C.J., dissenting). This core fact could, no doubt, be parsed even further. But this is not what rule 15(c), nor our caselaw, demands. Rather, these authorities mandate that we read amendments liberally.
 
 See
 

 supra
 
 ¶¶41-45.
 

 The dissent also criticizes our focus on whether a "new and different cause of action" is asserted in the amended pleading. Specifically, it argues that we are incorrectly limiting amendments permissible under rule 15(c) to those that assert the same "legal theory" as the original pleading.
 
 See
 

 infra
 
 ¶¶68 n. 73, 101 (Lee, A.C.J., dissenting). But we have not suggested this. Rather, we view the demand that the cause of action be the same in both pleadings as a practical, rather than literal, requirement. This means an amended pleading need not contain the exact same legal theory to relate back to the date of the original pleading. But we note that when the amended pleading contains an identical legal theory as the original, this certainly weighs in favor of relation back.
 

 Mr. Noor also claimed in his Amended Petition that trial counsel was ineffective because he "fail[ed] to advise Mr. Noor of the risk of deportation if a jury found him guilty." But he conceded at oral argument that this ground does not relate back under rule 15(c). We therefore do not address it here.
 

 A liberal reading of Mr. Noor's claims is not only supported by rule 15, but is also supported by the fact that he is pro se. We have stated that a party acting pro se "should be accorded every consideration that may be reasonably indulged" because "of his lack of technical knowledge of law and procedure."
 
 State v. Winfield
 
 ,
 
 2006 UT 4
 
 , ¶ 19,
 
 128 P.3d 1171
 
 (citation omitted). "Accordingly, this court generally is lenient with pro se litigants."
 
 Lundahl v. Quinn
 
 ,
 
 2003 UT 11
 
 , ¶ 4,
 
 67 P.3d 1000
 
 .
 

 Infra
 
 ¶¶ 67-68 (Lee, A.C.J., dissenting).
 

 Utah R. Civ. P. 15(c)(2) (emphasis added).
 

 See
 

 infra
 
 ¶¶ 61, 76, 99 (Lee, A.C.J., dissenting).
 

 Behrens
 
 ,
 
 675 P.2d at 1182
 
 (citation omitted);
 
 see also
 

 Peterson
 
 ,
 
 8 P.2d at 630
 
 ("[A] pleading should be liberally construed with a view to substantial justice between the parties.").
 

 Timm v. Dewsnup
 
 ,
 
 851 P.2d 1178
 
 , 1183 (Utah 1993).
 

 See
 
 Utah R. Civ. P . 15(a)(2) (stating that a "court should freely give permission [to a party to amend his or her petition] when justice requires").
 

 See
 

 Lundahl
 
 ,
 
 2003 UT 11
 
 , ¶¶ 3-4,
 
 67 P.3d 1000
 
 .
 

 Winfield
 
 ,
 
 2006 UT 4
 
 , ¶ 19,
 
 128 P.3d 1171
 
 (citation omitted).
 

 In its final critique, the dissent argues that our holding today "sets a new course for our law under rule 15(c)" and is "sure to bring unrest and uncertainty to this important area of Utah procedure."
 
 Infra
 
 ¶104 (Lee, A.C.J., dissenting). But we have merely applied to the case at hand the standard our court has used for almost a century.
 
 See
 

 Behrens
 
 ,
 
 675 P.2d at
 
 1182 ;
 
 Peterson
 
 ,
 
 8 P.2d at 630
 
 .